STATE of Missouri ex rel. ROLLA
SCHOOL DISTRICT NO.
31, Relator,

v.

The Honorable Eugene E. NORTHERN,
Judge of the Circuit Court of Phelps
County, Missouri, Respondent.

No. 10545.

Missouri Court of Appeals,
Springfield District.

April 4, 1977.

W. H. Thomas, Jr., Routh, Thomas &
Birdsong, Rolla, for relator.

Armand P. Brodeur, Salem, for respondent.

TITUS, Judge.

Dane Ruff, et alii, describing themselves as "residents, tax payers [sic] and legal voters of the Rolla School District No. 31," filed in the Circuit Court of Phelps County a notice to contest the special school board bond election held in the district on October 5, 1976. The school district's motion to dismiss the contest action because, inter alia, the circuit court lacked jurisdiction to entertain, hear, pass upon and decide the election contest was overruled. As relator, the school district brought this original proceeding in prohibition seeking to restrain the respondent judge from exercising jurisdiction in the cause. We issued our preliminary writ of prohibition.

Prohibition is the proper remedy to keep a lower court within the limits of its power and to prevent it from exercising jurisdiction over a cause not given by law to its consideration. *Weaver v. Schaaf*, 520 S.W.2d 58, 67[5] (Mo. banc 1975).

Although art. VI, § 26(g), Mo. Const., states that "All elections under this article may be contested *as provided by law*" (our emphasis), the General Assembly has not enacted a law providing for the contesting of school bond elections and art.

VI, § 26(g) is not self-executing. *Eberle v. Plato Consolidated School District No. C–5 of Texas County,* 313 S.W.2d 1, 2[1] (Mo. 1958). Consequently, the courts of this state have no jurisdiction to entertain actions to contest the results of school bond elections because there is no common law right to do so and no statutory authority therefor exists. *State ex inf. Anderson ex rel. Conaway v. Consolidated Sch. Dist. No. 4 of Iron County,* 417 S.W.2d 657, 661[8] (Mo. banc 1967); *Nichols v. Reorganized Sch. Dist. No. 1 of Laclede County,* 364 S.W.2d 9, 13[4] (Mo. banc 1963); *Erdman v. Auer,* 444 S.W.2d 427, 432–433[4] (Mo.1969); *Wann v. Reorganized School Dist. No. 6 of St. Francois County,* 293 S.W.2d 408, 411–412[2, 3] (Mo.1956); Comment, Contesting School Bond Elections in Missouri, 21 Mo.L. Rev. 274, at pp. 278–279. See also *Pettengill v. Putnam Cty. R–1 School Dist., Unionsville, Mo.,* 472 F.2d 121, 122 (8th Cir. 1973).

Respondent's reliance upon *State ex inf. Ryan v. Bond,* 546 S.W.2d 1 (Mo. banc 1977), is misplaced. This concerned an information in the nature of quo warranto, the proper common law procedure, to determine respondents' right to the office of members of the Board of Education of the City of St. Louis. Among others, the question was raised whether an election contest (provided by law per § 124.250, V.A.M.S.) rather than quo warranto was the appropriate and exclusive remedy which relators should have pursued. The court observed that quo warranto was appropriate for the purpose of ascertaining if respondents had unlawfully assumed and usurped positions on the school board and, if so, to oust them. It also noted that (Id. 4) " 'if an individual seeks to effect [an] ouster for his own private ends, namely, to succeed the incumbent in the office, he should, *where the law has made provision therefor,* institute a contest proceeding.' " (Our emphasis). Thus, the court recognized the necessity for statutory authority before an election contest may be maintained.

■■ It is trite to say a writ of prohibition is discretionary and is not a writ of right. *State ex rel. Thomasville Wood Products, Inc. v. Buford,* 512 S.W.2d 220, 221[2] (Mo.App.1974). Nevertheless, when an inferior court is wholly wanting in jurisdiction, as opposed to where an inferior court is erroneously acting in a class of cases in which it admittedly has general jurisdiction, the court with superintending power will exercise its discretion and grant the writ since any action taken in the case would be without authority and cause unwarranted expense and delay to the parties. *State ex rel. T.J.H. v. Bills,* 504 S.W.2d 76, 79[3] (Mo. banc 1974).

The preliminary rule in prohibition heretofore issued is now made absolute and final judgment in prohibition is entered against respondent judge.

All concur.