STATE of Missouri ex rel. Robert J. BLACKWELL, Relator,

v.

The Honorable Donald ELROD, Associate Circuit Judge, 24th Judicial Circuit, Probate and Associate Circuit Court Division, Madison County, Missouri, Respondent.

No. 42635.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 19, 1980.

Robert J. Blackwell, Mayhugh, Harris & Blackwell, Flat River, for relator.

William E. Roussin, Gartenberg & Roussin, P. C., Clayton, for respondent.

REINHARD, Judge.

This is an original proceeding in prohibition wherein relator seeks to prohibit respondent–judge from proceeding with an appeal from the Associate Division of the Circuit Court of St. Francois County, Missouri.

In November of 1978, relator, Robert Blackwell, filed the underlying suit in the Magistrate Court of St. Francois County seeking to recover attorney's fees from Stanley and Patricia Jones. The case was tried without a jury before the circuit court of St. Francois County, Associate Division I,

on January 31, 1979.[1] The court took the case under submission and rendered judgment on March 27, 1979. On April 6, 1979, defendants, Stanley and Patricia Jones, filed a motion for new trial. The parties orally argued the motion for new trial on May 15, 1979, at which time relator objected to the allowance of argument or the pendency of the motion for new trial on the basis that said motion was improper and could not be filed in the Associate Circuit Court pursuant to § 517.020 2(5), RSMo 1978. At that time, the trial judge overruled relator's objection as well as the motion for new trial. The defendants filed a notice of appeal on May 17, 1979. Relator responded by filing a motion to dismiss the appeal on May 23, 1979, in which he again raised issue with the propriety of filing a motion for new trial.

On December 12, 1979, respondent–judge[2] overruled relator's motion to dismiss defendants' appeal. Upon receiving a letter from defendants' attorney on February 6, 1980, notifying relator that a trial setting had been requested, relator filed an objection to the request for trial setting and sought 14 days in which to seek extraordinary relief. Respondent granted relator's request for time to seek extraordinary relief. Relator filed a petition for writ of prohibition in our court and we issued our preliminary writ of prohibition on February 22, 1980.

■ It has long been established that prohibition is an appropriate remedy where an inferior court lacks jurisdiction to proceed. *State ex rel. Rolla School District v. Northern*, 549 S.W.2d 596, 597 (Mo.App. 1977). A court with superintending power can exercise its discretion and grant a writ to avoid unwarranted expense and delay to the parties where any action taken by the inferior court would be without authority. *Id.*

Here, relator claims the respondent erred in overruling his motion to dismiss the defendants' appeal because defendants' notice of appeal was filed after ten days from the date of judgment and therefore out of time. Relator argues that pursuant to § 517.020 2(5), RSMo 1978, associate circuit courts acting under Chapter 517 have no authority to hear after trial motions, and therefore defendants' filing of a motion for new trial did not toll the ten day requirement in which to file a request for a trial de novo pursuant to § 512.190, RSMo 1978.

Respondent argues that because defendants filed a timely[3] motion for new trial, that the time for filing the application for trial de novo pursuant to § 512.190, RSMo 1978 was tolled pending a resolution of the motion for new trial.

■ Initially, we note that appeal "is a right conferred only by statute and must be taken in accordance therewith." *Holly Investment Company v. Kansas City*, 450 S.W.2d 451, 452 (Mo.App.1970). An indispensable prerequisite to appellate jurisdiction and a vital step for perfecting an appeal is the timely filing of a notice of appeal. *Id.* The "right" to a trial de novo after a judgment in a case tried without a jury before an associate circuit judge is provided in § 512.180(1), RSMo 1978. The "manner" of perfecting the right to a new trial is prescribed in § 512.190, RSMo 1978: "The right of a new trial provided in subsection 1 of section 512.180 shall be perfected by filing an application for trial de novo with the clerk serving the associate circuit judge within ten days after the judgment is rendered."

The statute upon which relator bases his argument, § 517.020 2, RSMo 1978, provides in part, as follows:

1. The new judicial article and implementing statutes, changing the structure of the court system, became effective on January 2, 1979. Accordingly, this case was tried in the Associate Division of the Circuit Court of St. Francois County pursuant to § 517.010, RSMo 1978.

2. This attempted appeal reached the respondent–judge via assignment from the Circuit Court of St. Francois County.

3. Defendants filed their motion for new trial on April 6, 1979, within ten days of judgment (entered March 27, 1979).

[T]he following statutes or rules relating to practice before circuit judges *shall not apply* with respect to the cases or classes of cases to which this chapter 517 is applicable or shall be limited as herein provided:

. . . . .

(5) The extant statutes and supreme court rules applicable to practice and procedure before a circuit judge with respect to . . . *after trial motions* . . except as otherwise made applicable. (Emphasis supplied).

The parties have agreed that Chapter 517, RSMo 1978 is applicable to the case at bar. After examining the statutes and supreme court rules, we find nothing that gives the associate circuit courts, acting under Chapter 517, the authority to rule on "after–trial motions" such as a motion for new trial. Likewise, we do not find any authority for respondent's contention that the filing of a motion for new trial extends the period for filing an application for trial de novo pursuant to § 512.190, RSMo 1978.[4] Since the time had expired for the filing of the application for trial de novo, the respondent was without jurisdiction to proceed. *Cf. State v. Rokita*, 588 S.W.2d 250 (Mo. App.1979) (filing of a motion for new trial in magistrate court did not toll ten day requirement for filing notice of appeal in a criminal case).

Accordingly, we make our preliminary writ of prohibition absolute.

DOWD, P. J., and CRIST, J., concur.

---

**4.** As a last resort, respondent urges this court to consider defendants' motion for new trial as a perfected application for trial de novo. We do not have the authority to extend the associate circuit court's jurisdiction in such a manner.