**Paul ESSNER, Plaintiff-Respondent,**

v.

**Lillian REYNOLDS, Defendant-Appellant.**

**No. 12245.**

Missouri Court of Appeals,
Southern District,
Division Three.

Sept. 9, 1981.

No appearance for plaintiff-respondent.

Albert C. Lowes, David G. Beeson and Thomas A. Ludwig, Buerkle, Lowes, Beeson & Ludwig, Jackson, for defendant-appellant.

BILLINGS, Presiding Judge.

Small claims case. Defendant Lillian Reynolds filed this appeal from the order of the Circuit Court of Scott County dismissing her application for trial de novo of a $442 judgment entered against her by the Associate Division of the Scott County Circuit Court. We affirm.

Trial in the associate division was to the court and the case taken under submission. Judgment was rendered on January 16, 1981. Defendant's application for trial de novo was filed in the associate division January 27, 1981, and the case was transmitted to the circuit court. Because the application was not filed within 10 days after the judgment was entered, the circuit court sustained plaintiff's motion to dismiss the proceeding.

We initially note that this case was a traditional associate circuit judge case under § 478.225, RSMo 1978, and commonly referred to as a small claims case [Chapter 482, RSMo 1978, Supreme Court Rules 140 through 155]. Consequently, the practice

and procedure is governed by Chapter 517, RSMo 1978, and Supreme Court Rules 140 through 155.[1]

Section 482.365(2), RSMo 1978, provides: "Any person aggrieved by any final judgment rendered by a small claims court in a small claims proceeding ... may have a trial de novo as provided in sections 512.180 to 512.320, RSMo."

Rule 154.01, states: "Any person aggrieved by any final judgment rendered by a magistrate in a small claims proceeding ... may appeal as provided in Secs. 512.180–320, RSMo 1969."

Section 512.180, RSMo 1978, entitled "Appeals from cases tried before associate circuit judges," provides:

"1. Any person aggrieved by a judgment in a case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo."

Section 512.190, RSMo 1978, prescribes the manner of perfecting the right to a new trial and provides: "The right of a new trial provided in subsection 1 of section 512.180 shall be perfected by filing an application for trial de novo with the clerk serving the associate circuit judge within ten days after the judgment is rendered."

Defendant contends that because the clerk of the associate division did not notify the attorneys of the entry of the January 16 judgment until January 19, the ten-day period mandated by § 512.190, RSMo 1978, did not commence until the latter date and, therefore, her application was timely. Second, that because the clerk's notification of the entry of the judgment was made by mail, Rule 44.01(e), V.A.M.R., extended the date for filing of the application by three days. Lastly, she avers that because her application was placed in the mail on January 26 this constituted service by mail un-

der Rule 43.01(c), V.A.M.R., and was thus complete at that time and, therefore, timely filed.

The right of appeal exists only by virtue of statute and must be taken in accordance with the statutory provisions governing the same. And, an indispensable prerequisite to appellate jurisdiction and a vital step for perfecting an appeal is the timely filing of a notice of appeal. A timely application for a trial de novo is the vital step for perfecting "the appeal" in this type of case. *State ex rel. Blackwell v. Elrod*, 604 S.W.2d 768 (Mo.App.1980). Section 512.180(1), RSMo 1978, is the statutory authority granting an aggrieved party the right to a trial de novo after a judgment in a case tried without a jury before an associate circuit judge. The manner of perfecting the right to a new trial in the circuit court is set forth in § 512.190, RSMo 1978. This latter section requires an application for trial de novo to be filed "with the clerk serving the associate circuit judge within ten days after the judgment is rendered." It is explicit and free from ambiguity or doubt. It does not say ten days after the clerk notifies the parties of the entry of the judgment. Under the statutes and rules governing this case, we find no duty or obligation on the clerk of the associate division to give any notice to anyone of the judgment rendered by the court. Even so, the fact remains that the defendant, by her own admission received notice from the clerk in time to file her application before the ten-day period expired. Her neglect to exercise her statutory right for a trial de novo within the time span allotted can not be circumvented by strained construction of rules which have no application in a proceeding of this type. Because her application was not timely filed, the circuit court did not have jurisdiction to proceed, and properly dismissed the case.

This case was docketed for submission at our November term. However, in view of notification by plaintiff he would not be filing a brief, and our conclusion that oral argument would be of no benefit, the cause is ordered submitted upon the record and defendant's brief.

The judgment is affirmed.

All concur.