**PLAZA POINT INVESTMENTS, INC.,**
Plaintiff-Respondent,

v.

**Dixie DUNNAWAY,**
Defendant-Appellant.

**No. WD 32814.**

Missouri Court of Appeals,
Western District.

June 29, 1982.

As Modified Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied
Aug. 3, 1982.

Application to Transfer Denied
Sept. 13, 1982.

S. Jill Weinlood, William H. Pickett, Kansas City, for defendant-appellant.

Sam M. Devinki, Kansas City, for plaintiff-respondent.

Before SOMERVILLE, C. J., WASSERSTROM, J., and MOORE, Senior Judge.

WASSERSTROM, Judge.

Plaintiff lessor sued in Associate Circuit Court for an alleged breach of apartment lease by the defendant lessee. Judgment "by default" was entered against defendant. She moved in the Associate Circuit Court to set aside that default. From an overruling of that motion, she appeals to this court.

In January 1981, the case was at issue on pleadings filed by both parties, and the associate circuit judge before whom the case was then pending notified counsel that the case was set for trial on May 6, 1981. In February the case was transferred to a different division, and the judge of the new division rescheduled the case for trial on March 20, 1981. Although the court record states that the parties were notified on March 2 of the new setting, defendant contends that no notice of the reassignment or of the rescheduling was given to her or to her counsel.

When the case came up for hearing on March 20, no appearance was made for defendant, for which reason the case was continued to March 27. Plaintiff's counsel says that he called the office of defense counsel to give notice of the March 27 setting, but defense counsel and his associates contend that no such notice was ever received by them. In any event, the case again came before the associate circuit judge on March 27 and no appearance was made for defendant. Judgment (described by the court record as "by default"[1]) was then entered against defendant on March 27, 1981, for $901.25. Apparently no notice was given to defendant or her counsel of that entry of judgment.

On April 7, one of the attorneys for defendant called plaintiff's counsel to discuss what defendant's counsel thought was still the trial setting for May 7, 1981. Plaintiff's attorney told defendant's attorney that judgment had already been entered on March 27. Defense counsel say that was the first they knew of the judgment, and on April 20 defendant filed motion to set aside the judgment of March 27. Plaintiff resisted on the ground among others that more than 10 days had expired since judgment and the court no longer had jurisdiction because of the provisions of Section 517.-480–2.[2] Associate Circuit Judge Iannone overruled defendant's motion to set aside on May 28, 1981, for lack of jurisdiction.

On June 3, defendant filed application for trial de novo and submitted an appeal bond which was approved by the associate circuit judge. The court record contains a notation on that date: "TRIAL DE NOVO WITH BOND." Two days later, on June 5, defendant also filed notice of appeal to this court from the order of May 28, 1981. Plaintiff moved to dismiss the case in the

---

1. Defendant had appeared by counsel and filed answer. Therefore the judgment would not be strictly speaking one by default, at least if defendant had received notice of the trial setting. *Donnell v. Vigus Quarries, Inc.,* 457 S.W.2d 249 (Mo.App.1970); *State ex rel. Jones v. Reagan,* 382 S.W.2d 426 (Mo.App.1964).

2. All sectional references in this opinion are to RSMo 1978.

Section 517.480–2 provides: "Every such application [to set aside a non-suit entered because of default] shall be made within ten days, or twenty days if the party be a nonresident of the state, after the rendering of the judgment; and if in the meantime any execution has been issued, the judge may revoke the same in the manner hereafter provided for revoking an execution after an appeal has been allowed, and with the like effect."

circuit court, and that motion was sustained on July 8, 1981, on the ground that new trial was time-barred by reason of the requirement of Section 512.190–1.[3] Thereupon plaintiff instituted execution upon the appeal bond and effected collection.

Defendant's basic claim on this appeal is that the associate circuit court erred in denying its jurisdiction to set aside the "default judgment." Her points as to this may be summarized as follows: (1) the procedure under which the judgment of March 27, 1981, was entered contained irregularities which warranted remedy under Rule 74.32; (2) the motion to set aside the judgment should have been entertained as a direct attack upon the judgment under what defendant claims was the equitable jurisdiction of the associate circuit court; (3) the lack of notice to defendant as a matter of constitutional principle deprived the associate circuit court of jurisdiction to enter judgment; (4) the associate circuit court had the power to set aside defaults; and (5) the associate circuit court had the power to set aside the judgment under Rule 74.78. For her sixth point on appeal, defendant contends that the circuit court should not have ordered the court administrator to pay over the proceeds of defendant's appeal bond, and that this court should now order plaintiff to pay back those proceeds.

None of those six points can be reached on this appeal. We must sustain plaintiff's objection that no jurisdiction by this court has been properly invoked.

■ The right of appeal is purely statutory. *Dillen v. Remley*, 327 S.W.2d 931 (Mo.App.1959); *State ex rel. Blackwell v. Elrod*, 604 S.W.2d 768 (Mo.App.1980). The only right of appeal direct to this court

from an associate circuit court appears in Section 512.180–2 which provides as follows: "In any case tried with a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges a record shall be kept and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court.... " The circumstances of the present case do not comply with those requirements. Where those requirements are not met, no appeal will lie. *State v. Fender*, 600 S.W.2d 683 (Mo.App.1980).

Although *Fender* was a misdemeanor case, and was considered under the appeal provisions of Section 543.335, those provisions are substantially a counterpart in misdemeanor cases of the provisions of Section 512.180 which covers civil cases. As stated by one legal writer: "Without a doubt, the logic of the argument made by the court in the *Fender* case has equal force when applied to appeals and applications for trial de novo from civil cases tried before associate circuit judges." Mo. Civil Actions, Vol. II, The Missouri Bar Sec. 24.27, page 24–16 (1981); Cohen, *Civil Practice Before Associate Circuit Judges Since the Court Reform*, 37 J.Mo.Bar 217, 221 (1981).

In order to support jurisdiction in this court over this appeal, defendant makes various arguments. She argues first: "The Order by which defendant was aggrieved in this litigation was the court's Order refusing to set aside the default judgment, not the judgment itself. There being neither a judgment nor a trial, the trial de novo procedures simply do not apply. In those instances where the trial de novo methods are not available, appeals are taken directly to the Court of Appeals."[4] Defendant argues in essence that direct appeal

---

**3.** Section 512.190–1 provides in part: "The right of a new trial provided in subsection 1 of section 512.180 shall be perfected by filing an application for trial de novo with the clerk serving the associate circuit judge within ten days after the judgment is rendered."

**4.** The trial de novo authorization to which defendant refers in the above quotation appears in Section 512.180–1: "Any person aggrieved by a judgment in a case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo." The procedure for perfecting such a trial de novo is set forth in Section 512.190–1, a portion of which is quoted above in footnote 3.

to the Court of Appeals is a residual procedure by which to remedy any grievance not covered by the trial de novo procedure.

That argument is in contradiction to the provisions of Section 512.180–2, which grants right of direct appeal only under the limited circumstances specified. Defendant nevertheless seeks authority for its position from Section 512.190–2 which provides that "Appeals to the court of appeals or to the supreme court shall be governed by the same rules applicable to appeals from judgments rendered by circuit judges." The statutory provision just quoted was not intended to nor does it have the effect sought to be put on it by defendant. That section merely prescribes the procedure applicable to cases in which direct appeal to the Court of Appeals has been granted by Section 512.180–2. The only grant of such a right of appeal must be found, if at all, in Section 512.180–2.

Defendant argues next that the right of trial de novo is not exclusive of a right of appeal to the Court of Appeals and that "Nowhere does Section 512.180 or Section 512.190 state that a person aggrieved by a judgment in a case tried before an associate circuit judge shall not have the right of an appeal to a Court of Appeals." The argument just quoted states the opposite of the correct rule. A right of appeal does not exist simply because it is not prohibited. As already shown, no right of appeal exists unless it is expressly granted.

A final argument by defendant, made particularly by her in connection with her sixth point on appeal, is that this court has general superintending control over all courts in its jurisdiction under Mo.Const. Art. V, Sec. 4, and defendant requests us to exercise our supervisory authority to order plaintiff to pay back the proceeds of the appeal bond.[5] The answer to defendant's request is that the primary means by which appellate courts exercise their superintending control is by original extraordinary writs, rather than through ordinary appeals. *State ex rel. Boll v. Weinstein*, 365

5. With respect to defendant's complaint concerning collection under the appeal bond, it

Mo. 1179, 295 S.W.2d 62, 67 (1956); *State ex rel. T. J. H. v. Bills*, 504 S.W.2d 76, 78 (Mo. banc 1974).

Plaintiff has made request for assessment of damages for frivolous appeal under Rule 84.19. That request is denied.

The appeal is dismissed for lack of jurisdiction.

All concur.

should be noted that no appeal has been taken from any action by or order of the circuit court.