**STATE of Missouri, ex rel., Marc A. WEISMAN, Plaintiff,**

v.

**Honorable Ninian EDWARDS, Judge, Division 12, Circuit Court of St. Louis County, Missouri, Defendant.**

No. 46413.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 11, 1983.

Stuart Cofman, St. Louis, for plaintiff.

Ray A. Gerritzen, St. Louis, for defendant.

CRANDALL, Judge.

This is an original proceeding in prohibition wherein plaintiff-Weisman, defendant below, seeks to prohibit the defendant-judge from proceeding with an appeal from the Associate Division of the Circuit Court of St. Louis County. We make our preliminary writ of prohibition absolute.

Jay Bluestone filed the underlying suit in the Associate Circuit Court of St. Louis County against Marc A. Weisman. The case was tried without a jury before Associ-

ate Circuit Judge Susan Block in St. Louis County on December 21, 1982. Later on December 21, Judge Block entered a judgment against Bluestone on his claim and against Weisman on his counterclaim.

Bluestone filed his notice of appeal to the circuit court on January 4, 1982. Judge Block wrote on the notice of appeal that: "Ct. [Court] notes that notice of judgment was inadvertently not sent to attys. [attorneys] until 12–31–81."

On January 27, 1982, Weisman filed a "Motion to Quash the Appeal" in the Circuit Court of St. Louis County before defendant, Judge Ninian Edwards. Weisman claimed that the defendant-judge did not have jurisdiction to hear the appeal since it was filed out of time. After argument on the motion to quash on August 13, 1982, the defendant indicated that he would overrule the motion and treat the notice of appeal as a request for a special order permitting a late appeal pursuant to Rule 81.07 unless prohibited. Plaintiff filed a petition for writ of prohibition in this court and a preliminary writ of prohibition was issued October 28, 1982.

■ A writ of prohibition is an appropriate remedy when the lower court lacks jurisdiction to proceed. *State ex rel. Lawyers Title Ins. Corp. v. Elrod,* 636 S.W.2d 396, 397 (Mo.App.1982). The writ is preventative in nature rather than corrective. *Id.*

■ In order for a person to perfect an appeal to the circuit court from a judgment entered in a case tried without a jury before an associate circuit judge, § 512.180, RSMo (1978), the aggrieved party must file an application for trial de novo with the clerk of the associate circuit court within ten days after the judgment is rendered. § 512.190, RSMo (1978). The ten-day period for filing an appeal after judgment is rendered is absolute and may not be extended in the discretion of the associate circuit judge. *Holly Invest. Co. v. City of*

*Kansas City,* 450 S.W.2d 451, 453 (Mo.App. 1970). In this case, Bluestone did not file his application for trial de novo within ten days of the judgment, and therefore did not perfect his appeal.[1]

■ Bluestone was not without a remedy when the ten-day period for perfecting an appeal expired. Under Rule 81.07(a), a party may appeal, by special order, to the appropriate appellate court for a period of six months after the time for filing an appeal has expired. Defendant-judge seeks to invoke this rule by treating Bluestone's motion for a new trial as a motion under Rule 81.07(a).

The notice of appeal filed in this case did not comply with the requirements of Rule 81.07(a). It did not give notice to Weisman that Bluestone was seeking relief under Rule 81.07(a); it did not specifically allege that there was merit in Bluestone's claim; nor did it allege that the delay was not due to Bluestone's culpable negligence. *Niemann v. Carps, Inc.,* 541 S.W.2d 712, 714 (Mo.App.1976). Thus, the defendant-judge could not treat Bluestone's notice of appeal as a motion under Rule 81.07(a).

Accordingly, we make our preliminary writ of prohibition absolute.

SNYDER, P.J., and SATZ, J., concur.

---

1. Bluestone asserts that the ten-day period should begin from when the judgment was mailed by the clerk, but respondent cites no authority for that proposition or the proposition that the clerk of the associate circuit court has a duty to mail a notice of the judgment. Section 512.190, RSMo (1978), states that the ten-day period shall run from the date on which the judgment is rendered. Thus, since the judgment was rendered on December 21, 1981, the period for filing a notice of appeal ended on December 31, 1981.