**STATE of Missouri ex rel. Eleanor S. SWEET and Jack Sweet, Relators,**

v.

**Honorable Laurence R. SMITH, Judge of Division Twelve of the Circuit Court of Jackson County, Sixteenth Judicial Circuit, Respondent.**

No. WD 34962.

Missouri Court of Appeals, Western District.

Oct. 11, 1983.

Michael W. Manners, Independence, for relators.

Thomas A. Sweeny, Stephen J. Moore, Kansas City, for respondent.

Before PRITCHARD, P.J., and MANFORD and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

■ This is an original proceeding in prohibition. The sole issue applicable to making this court's preliminary order absolute is whether Rule 81.07(a)[1] gives a circuit judge authority to allow a trial de novo where an application for same is untimely filed under Section 512.190 RSMo.[2] following judgment by an associate circuit judge. This question is answered in the negative

and the order issued June 14, 1983 is made absolute.

The relators here obtained, as plaintiffs, judgment in an associate division of the Circuit Court of Jackson County for a total of $4,250 in damages arising out of an automobile accident. The date of the judgment in this court tried case was April 11, 1983. Eleven days later, on April 22, 1983 the defendant filed an application before the associate for a trial de novo in Circuit Court. The defendant on May 2 also filed, pursuant to Rule 81.07, a motion in Circuit Court to allow permission for a late filing of her application. The respondent Judge, granted the late de novo application relying upon *State ex rel. Weisman v. Edwards,* 645 S.W.2d 732 (Mo.App.1983), under Rule 81.-07.

■ The right of appeal is purely statutory. *Plaza Point Investments, Inc. v. Dunnaway,* 637 S.W.2d 303, 305 (Mo.App. 1982). The relator's argument in essence is that nothing statutory *i.e.* Section 512.180 et seq. governing "appeals"[3] from an associate division to the right of a trial de novo in circuit court, allows a losing party to get around the ten day requirement of Section 512.190. That being the case, the respondent circuit judge exceeded his jurisdiction by entering his special order allowing a trial de novo in circuit court when the application was over ten days after judgment in the associate division, and prohibition would lie.

*Weisman, supra,* involved an application for trial de novo after the ten day limit.

1. Rule 81.07 appears under the general heading "Rules Governing Civil Procedure in the Circuit Courts," allows a special order to be sought from the appropriate "appellate" court permitting the late filing of a notice of appeal—this must be done within six months and upon a showing of merit in the claim and that the delay was not due to culpable negligence.

2. This statute in pertinent part gives the right of new trial from a non-jury case tried before an associate to be perfected by filing with the associate's clerk an application for a trial de novo "within ten days after the judgment is rendered." All sectional references are to the revised statutes of Missouri 1978.

3. "Although Section 512.180 is captioned 'Appeals from cases tried before associate circuit judge,' it is important conceptionally to understand that it is trial de novo, and, not an 'appeal' in the traditional sense that lies from a judgment of an associate circuit judge in cases not heard on the record. This is true because the old magistrate courts have been abolished with the new judicial article, and the consolidation into one circuit court eliminates the 'appeal' from one court to another." Cohen, Civil Practice Before Associate Circuit Judges Since the Court Reform, 37 Mo.Bar J. 217, 221 (1981).

The court held the associate could not extend the time, but indicated Rule 81.07 could supply a remedy to the appellant. But there the notice was not in a form compatable with an 81.07 motion so relief was denied. That decision must be compared with *State ex rel. Blackwell v. Elrod,* 604 S.W.2d 768 (Mo.App.1980) which points out on pages 769–70 that Section 517.020.2 provides a list of statutes and rules relating to practice before circuit judges that *shall not apply* with respect to cases where Chapter 517 is applicable. In this list, under part (5), are the extant statutes and supreme court rules applicable to practice and procedure before a circuit judge with respect to after trial motions and appeals. The court held that once the ten day time had expired for application for trial de novo, the time could not be extended by filing an after trial motion for new trial.

Also contradicting *Weisman* is the case of *Essner v. Reynolds,* 621 S.W.2d 551 (Mo. App.1981) where the ten day requirement was not met. The court held, "[A] timely application for a trial de novo is the vital step in perfecting 'the appeal' in this type of case." (Citation omitted.) At page 553 the court went on to say Section 512.190 requires application within ten days—this language is, "explicit and free from ambiguity or doubt." * * * "Because here application was not timely filed, the circuit court did not have jurisdiction to proceed, and properly dismissed the case."

The message of *Blackwell* and *Essner* that the ten day requirement cannot be extended, controls over the implication of *Weisman* that a circuit judge can utilize 81.07 to allow a late filing from an associate's division.

Rule 41.01(f) lists the rules that apply to actions pending before or heard by an associate. Absent from this list is Rule 81.07.

Although a proceeding under the statutes dealing with workman's compensation claims, *Holmes v. Navajo Freight Lines, Inc.,* 488 S.W.2d 311, 314–15 (Mo.App.1972), lends further support for the proposition that without statutory provisions or supreme court rules, time limitations for no-tice of appeal cannot be extended. Under *Holmes* the compensation laws give a specific time to appeal, and Rule 81 can not in the face of "specific legislative authority" be made to apply.

The respondent's other point that the time should not start running until after receipt of notice of the judgment, is not well taken. The statute here is clear, the ten days begin to run when the judgment in the associate division is rendered. *Essner, supra,* at 553; *Weisman, supra,* at 733.

The other point raised in the answer to the petition for prohibition and in the respondent's motion to dismiss relator's petition, namely whether the associate lost jurisdiction by having the matter under submission too long and making void his judgment, is not appropriate to the reaching of a decision on the writ. The motion is overruled, but without prejudice, should the issue come up in future proceedings to collect on the judgment.

Rule 81.07 cannot change the statutory time of ten days under Section 512.190. This court cannot change the law as clearly stated by the general assembly. Therefore the preliminary order is made absolute.

All concur.