**STATE of Missouri, Respondent,**

v.

**Franklin D. PEPPER, Appellant.**

**No. 48088.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 13, 1985.

**54**

Marianne Marxkors, St. Louis, for appellant.

Anthony P. Gonzalez, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Chief Judge.

Defendant appeals from an order dismissing his application for trial de novo in the circuit court. The case was dismissed for lack of jurisdiction on the grounds there was no order from which the trial de novo application could be taken.

On July 27, 1983, defendant was found guilty in the associate circuit court of the Class A misdemeanor of third degree assault. The trial judge suspended imposition of sentence and placed defendant on probation for two years. As conditions of probation, the court also ordered that defendant serve one day in jail and participate in an alcohol treatment program.

Defendant filed an application for trial de novo in the circuit court pursuant to the statute applicable at that time, § 543.290 RSMo 1978 (repealed 1984). The state moved to dismiss for lack of jurisdiction, maintaining that the order suspending imposition of sentence was not a "judgment" as required by the statute before application for trial de novo can be made [1]. The court sustained the motion to dismiss.

■ We initially note that a suspended imposition of sentence is not an appealable order for purposes of direct appeal. *State v. Lynch*, 679 S.W.2d 858 (Mo. banc 1984). Here, we are faced with the issue of whether a suspended imposition of sentence is a judgment for purposes of application for trial de novo. In answering this question, we must determine whether a "judgment" for purposes of the trial de novo statute is the same as a "judgment" for purposes of direct appeal.

■ Both the right to direct appeal and the right to trial de novo are purely statutory rights, and must be invoked in accordance with the applicable statute. *State ex rel. Blackwell v. Elrod*, 604 S.W.2d 768 (Mo.App.1980). The trial de novo statute was enacted as a part of the Court Reform and Revision Act of 1978, Laws of Mo.1978, p. 696. Prior to that time, cases such as the present one were tried in the magistrate courts. Section 543.010 RSMo 1969 (repealed 1978). Although the magistrate statutes were phrased in terms of "appeal"

---

**1.** The trial de novo statute provides:

Any person *convicted* before an associate circuit judge for any misdemeanor or infraction may have a trial de novo if the cause was not tried before a jury upon the record or before the judge upon the record by special assignment or transfer, if he shall file, within ten

days after *judgment* is rendered, an application for trial de novo stating that he is aggrieved by the *verdict and judgment* in the case and that application is not made for vexation and delay ...

Section 543.290.1 RSMo 1978 (repealed 1984) (emphasis added).

from a magistrate decision to the circuit court, the procedure for application was the same as the procedure for application for a trial de novo under the Court Reform Act. Section 543.290 RSMo.1969 (repealed 1978); Section 543.290 RSMo 1978 (repealed 1984). *See also Hloben v. Henry,* 660 S.W.2d 431 (Mo.App.1983) (comparing the civil magistrate statute with the Court Reform Act provisions for civil trial de novo).

■ Similar procedures are also required to invoke the right to direct appeal to the appellate courts under § 543.335 RSMo Supp.1983, although a direct appeal is different in substance from a trial de novo. Both require that a person be aggrieved by a judgment, and both require a notice ("application" in the case of a trial de novo) to be filed within ten days of that judgment. Section 543.290.1 RSMo 1978 (repealed 1984) (trial de novo); § 543.335 RSMo Supp.1983, Rule 81.04 (appeal). Furthermore, the requirements for timely filing of an application for trial de novo have been strictly construed, just as in a direct appeal. *See, e.g., State ex rel. Weisman v. Edwards,* 645 S.W.2d 732 (Mo.App.1983); *Essner v. Reynolds,* 621 S.W.2d 551 (Mo. App.1981); *State ex rel. Blackwell v. Elrod,* 604 S.W.2d 768 (Mo.App.1980).

The case law uses the terms "appeal" and "trial de novo" interchangeably. In *State v. Fender,* 600 S.W.2d 683, 686 (Mo. App.1980), Judge Turnage stated in dicta that "[t]he proper method for *appeal* from a misdemeanor conviction before an associate circuit judge when a misdemeanor charge is filed directly before such judge is the request for trial de novo...." (emphasis added). In construing the civil trial de novo statute, this court stated, "In order for a person to perfect an *appeal* to the circuit court from a judgment entered in a case tried without a jury before an associate circuit judge, § 512.180 RSMo 1978, the aggrieved party must file an application for trial de novo ... within ten days after the *judgment* is rendered. Section 512.190 RSMo 1978." *State ex rel. Weisman v. Edwards,* 645 S.W.2d 732, 733 (Mo.App. 1983) (emphasis added).

■ We can find no authority to support a different interpretation of the word "judgment" for purposes of trial de novo than for purposes of direct appeal. Accordingly, we follow the reasoning in *State v. Lynch,* 679 S.W.2d 858 (Mo. banc, 1984), and find that an application for trial de novo may not be taken from a suspended imposition of sentence. The circuit court correctly ruled that it was without jurisdiction.

Affirmed.

KAROHL, P.J., and CRIST, J., concur.