**FABROS, INC., Plaintiff-Respondent,**

v.

**John W. BAILEY and Robin Bailey, Defendants-Appellants.**

**No. 13845.**

Missouri Court of Appeals,
Southern District, Division One.

July 26, 1985.

James D. Sickal, Waynesville, for plaintiff-respondent.

Charles M. Wesley, Waynesville, for defendants-appellants.

FLANIGAN, Judge.

Plaintiff brought suit in small claims court against defendants. On July 18, 1983, judgment was entered for plaintiff and against defendants for $1,000.00 plus costs. On July 29, 1983, defendants filed an application for trial de novo. On July 9, 1984, after trial de novo in the circuit court, a judgment was entered for plaintiff for $1,000.00 plus costs. Defendants appeal.

Section 512.180.1, RSMo (Supp.1984) provides: "Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo."

Section 512.190, RSMo, requires that an application for trial de novo be filed within 10 days after judgment is rendered. This 10-day period may not be extended. *State ex rel. Sweet v. Smith*, 659 S.W.2d 578, 580 (Mo.App.1983). Defendants' application for trial de novo, filed 11 days after rendition of judgment, was not timely and the circuit court had no jurisdiction to proceed thereon. *State ex rel. Sweet v. Smith*, supra; *Essner v. Reynolds*, 621 S.W.2d 551, 553 (Mo.App.1981). The purported judgment of July 9, 1984, was void.

Where an appeal is sought from a void judgment, this court acquires jurisdiction only to determine the invalidity of the judgment and to dismiss the appeal. *Webb v. First Nat. Bank & Trust Co. of Joplin*, 602 S.W.2d 780, 782 (Mo.App.1980).

The appeal is dismissed.

TITUS, P.J., and GREENE, J., concur.