**Gerald PETERS and Darlene Peters, Plaintiffs–Appellants,**

v.

**UNITED CONSUMERS CLUB, Defendant–Respondent.**

**No. 56491.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 20, 1990.

Daniel J. McAuliffe & Associates, William C. Foote, Clayton, for plaintiffs-appellants.

Deborah Bell Yates, St. Louis, for defendant-respondent.

KAROHL, Judge.

This is an appeal from a judgment granting attorney's fees and costs. The motion for fees under § 407.025 RSMo 1986 was filed subsequent to a dismissal without prejudice. Plaintiffs, Gerald and Darlene Peters, challenge the award on the ground that defendant, United Consumers Club, is not the "prevailing party" as required by the Merchandising Practices Act. Section 407.025 RSMo 1986. We find the court entered the award without jurisdiction and do not reach the merits.

It is our duty to determine sua sponte whether we have jurisdiction before addressing the issues on appeal. *Wentzville Public School District v. Paulson*, 699 S.W.2d 132, 133 (Mo.App.1985). A judgment entered in excess of or beyond the jurisdiction of the trial court is void and an appellate court has no jurisdiction to review on the merits. *See, Yoder by Lar-*

193

*sen v. Horton,* 678 S.W.2d 901, 904 (Mo. App.1984).

The dispute in this case involves plaintiffs' purchase of a new sofa from defendant. Plaintiffs ordered and paid $1425.11 for the sofa, but never received it. They claim defendant produced a sofa, not in accord with their agreement. Plaintiffs sued defendant in two counts. Count I alleged breach of contract. Count II alleged a cause of action for violation of the Merchandising Practices Act, § 407.020 RSMo 1986. Defendant filed a counterclaim and then withdrew it in November of 1988. The case was set for trial on January 17, 1989. Plaintiffs were not ready at that time because they had not replaced their counsel who previously withdrew. The court sustained defendant's motion to dismiss plaintiffs' petition for failure to prosecute. The dismissal was without prejudice. On January 25, 1989 defendant filed a motion for attorney's fees and costs pursuant to § 407.025 RSMo 1986. This section authorizes a court, in its discretion, to award punitive damages and award attorney's fees to the "prevailing party" in prosecution and defense of claims brought under § 407.020 RSMo 1986. Plaintiffs did not respond or defend against the motion for fees. On February 23, 1989 the court awarded attorney's fees to defendant in the amount of $5000 and plaintiffs appealed.

The trial court lost jurisdiction when it dismissed the last pending claim, plaintiffs' petition, on January 17, 1989. Thereafter, the court retained control of the judgment entered within the purview of Rule 75.01. A dismissal without prejudice that does not reserve the right to award attorney's fees at a later date is a judgment subject to rulings authorized by Rule 75.01. Rule 75.01 authorizes the court, for good cause, to vacate, reopen, correct, amend or modify its judgment within thirty days. It does not grant the trial court power to hold independent, separate proceedings subsequent to the final judgment. *See, Cimasi v. City of Fenton,* 659 S.W.2d 532, 537 (Mo.App.1983).

In *Schenberg v. Schenberg,* 307 S.W.2d 697 (Mo.App.1958), we held the trial court did not have jurisdiction to award attorney's fees after dismissal of the suit. The

reason being, "the action is no longer pending and the court has no further jurisdiction of the parties or of the subject matter after the case is decided on the merits." In *Schenberg,* defendant husband dismissed his cross-bill for divorce, and the court dismissed plaintiff wife's separate maintenance petition for failure of proof when she did not appear for trial. The trial court did not rule on wife's pending motion for attorney's fees at the time of the dismissal hearing. On its own motion, two days later, the trial court amended its order in an attempt to reserve jurisdiction to hear and determine wife's motion at a future date. Seven days later, the trial court conducted a hearing on the motion and several months later, awarded fees. The opinion discussed the effect of Supreme Court Rule 3.25, now 75.01, and decided the actions of the trial court in amending its order, hearing the motion and then awarding fees, did not vacate the judgment or suspend its operation as a judgment on the merits, as required by Rule 3.25. The *Schenberg* court concluded, the ineffectiveness of these actions resulted in the judgment of dismissal becoming final thirty days after its rendition.

Accordingly, we find defendant's claim, that Rule 75.01 authorized the court to receive and decide a motion for attorney's fees after dismissal of plaintiffs' petition, must fail. Defendant's motion for attorney's fees under § 407.025 RSMo 1986 was not a motion to reopen, amend, vacate or modify the judgment of dismissal. Defendant does not claim that the motion for attorney's fees requested any such relief. Rather, defendant claims it is entitled to attorney's fees as a prevailing party because of the dismissal.

We find the trial court sustained a motion for attorney's fees filed after the court lost jurisdiction. We reverse and remand with directions that the trial court set aside the judgment.

PUDLOWSKI, P.J., and CRANDALL, J., concur.