**Denis OLIVA, Respondent,**

**v.**

**Beverly (Summers) SPATZ, Appellant.**

**No. WD 44560.**

Missouri Court of Appeals,
Western District.

April 21, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 2, 1992.

Application to Transfer Denied
July 21, 1992.

Beverly Spatz, pro se.

Weldon W. Perry, Jr., Lexington, for respondent.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

PER CURIAM:

Plaintiff Denis Oliva filed a case in the associate circuit court against defendants Ed and Beverly Spatz for breach of contract, alleging that the Spatzes had failed to pay him for painting their house. The court heard the matter February 2, 1990, and on February 6, 1990, granted judgment in favor of the Oliva for $575 plus court costs. On March 2, 1990, nearly a month later, the Spatzes filed an application for trial de novo, and the associate circuit judge ordered the clerk to certify and transfer the cause to the circuit court.

The circuit court heard the case on February 4, 1991, and awarded Oliva a judgment against Beverly Spatz for $575 plus costs. However, the circuit court found that there was insufficient evidence to support a claim against Ed Spatz. Beverly Spatz appeals, alleging that the circuit court erred in finding there was sufficient evidence to support the verdict.

The appeal is dismissed, and the case is remanded with directions.

■■■ The court is obligated to determine its jurisdiction, *sua sponte*, before considering appellant's claims. *Clark v. Fitzpatrick*, 801 S.W.2d 426, 428–29 (Mo. App.1990). If the trial court was without jurisdiction, its judgment is absolutely void. *Plant v. Haynes*, 568 S.W.2d 585, 587 (Mo. App.1978). This court has no jurisdiction to review a void judgment on the merits, as appellant herein asks. *Peters v. United Consumers Club*, 786 S.W.2d 192, 193 (Mo. App.1990).

■■ The associate circuit court rendered its judgment February 6, 1990. In order to perfect the right of trial de novo by the circuit court, the Spatzes must have filed their application for trial de novo with the clerk serving the associate circuit judge within ten days after the judgment was rendered. § 512.190 R.S.Mo.1986. This ten day period may not be extended, nor does it appear in the record that anyone ever attempted to extend the time. *Fabros, Inc. v. Bailey*, 695 S.W.2d 153, 154 (Mo.App.1985).

■■ The Spatzes filed their application for trial de novo twenty-four days after the judgment was rendered, and therefore did not perfect their appeal. *Avery v. Bi-State Dev. Agency*, 670 S.W.2d 585, 586 (Mo.App.1984). Without a timely application for trial de novo, the circuit court did not have jurisdiction to proceed. *State ex rel. Sweet v. Smith*, 659 S.W.2d 578, 580 (Mo.App.1983). The purported judgment of the circuit court dated February 5, 1991, is void. Because the appeal is from a void judgment, the court acquired jurisdiction only to determine the invalidity of the judg-

ment and dismiss the appeal. *Fabros*, 695 S.W.2d at 154.

The appeal is therefore dismissed. This cause is remanded to the circuit court with directions to set aside the judgment made February 5, 1991, and to deny the application for trial de novo as untimely filed.