Thomas Glenn WEAVER, Appellant,

v.

Cynthia Weaver PREWITT, Respondent.

No. 69652.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 21, 1997.

The Stolar Partnership, Doreen D. Dodson, Henry F. Luepke, St. Louis, for appellant.

Wittner, Poger, Rosenblum & Spewak, P.C., Howard A. Wittner, Clayton, for respondent.

KAROHL, Judge.

Husband appeals judgment for attorneys' fees granted on motion Wife filed twenty-three days after the trial court dismissed the case *sua sponte*. The trial court never set aside the dismissal and never entered a second judgment of dismissal. The trial court had no personal or subject matter jurisdiction to enter the judgment. The judgment is reversed.

The parties were married on November 29, 1986. They are both employed as airline pilots. They have three children. Husband filed a petition for dissolution. Wife filed a cross-petition. The case was partially heard. There was an effort made to settle custody issues. The parties were able to agree to a plan of shared custody but required the trial court to adjudicate the remaining dissolution issues. On November 6, 1995, the trial court entered a dismissal without a request by either party. The unexplained reason may have been the failure of the parties to reach an announced settlement. On November 21, 1995, Husband filed a motion requesting an order to set aside the dismissal. Wife did not join in the request. On November 28, 1995, the trial court denied Husband's motion. On November 29, 1995, Wife filed a motion for attorneys' fees. She never requested the court to set aside the judgment of November 6, 1995. On December 4, 1995, Wife's attorney presented Wife's motion for attorneys' fees. Wife did not appear. Husband appeared with counsel. Husband appeals the award of attorneys' fees.

Husband's first point on appeal is dispositive. He argues the trial court lost jurisdic-

tion in the absence of an order setting aside the dismissal, when it dismissed the entire case on November 6, 1995, "because a motion for attorneys' fees cannot be sustained as an independent action." The procedural facts are not in dispute. The trial court never set aside the dismissal entered on November 6, 1995. The dismissal was not set aside by implication because the trial court never entered a dismissal after awarding attorneys' fees for Wife's attorneys.

"The trial court retains control over judgments during the thirty-day period after entry of judgment and may ... vacate, reopen, correct, amend or modify its judgment within that time." Rule 75.01. This rule does not grant the trial court power to hold independent, separate proceedings subsequent to the final judgment. *Peters v. United Consumers Club,* 786 S.W.2d 192, 193 (Mo.App.1990). A motion for attorney's fees under § 452.355 RSMo 1986 is not an independent action like a motion to modify. *Liberman v. Liberman,* 844 S.W.2d 79, 81 (Mo. App. E.D.1992).

There are no procedural facts which would support a finding the trial court exercised authority under Rule 75.01 to maintain or reacquire jurisdiction. In her motion, Wife argued for an award of attorneys' fees pursuant § 452.355. Her motion was not one to reopen, amend, vacate or modify the judgment of dismissal. On December 4, 1995, the court did not have jurisdiction to rule on a motion related to a case it had dismissed.

We conclude the *sua sponte* dismissal on November 6, 1995, became a final judgment on December 6, 1995, because the trial court never set it aside. The award of attorneys' fees was void for lack of jurisdiction. We reverse.

RHODES RUSSELL, P.J., and SIMON, J., concur.