STATE of Missouri, ex rel. Michael JOHNSTON, Appellant,

v.

The Honorable Paul T. LUCKENBILL, Jr., Respondent.

No. WD 54398.

Missouri Court of Appeals, Western District.

Sept. 1, 1998.

---

**2.** We added the emphasis.

**3.** We added the emphasis.

Kelly Verwers, Liberty, for Appellant.

George Allen Pickett, Plattsburg, for Respondent.

SPINDEN, Judge.

Michael Johnston appeals the circuit court's judgment to deny his petition for writ of *mandamus* against The Honorable Paul T. Luckenbill, Jr., judge of the associate circuit division of circuit court. The associate circuit division refused to grant Johnston's motion to set aside a default judgment entered against him in a rent and possession action, *Clinton County Convalescent Center, Inc. v. Johnston,* № CV1096–163AC.

We issued our own writ of *mandamus* on June 16, 1998, ordering the associate circuit division to set aside its judgment against Johnston. Judge Luckenbill filed a motion for rehearing on June 30, 1998. We granted the motion, and we again issue a writ ordering the associate circuit division to set aside its judgment against Johnston.

The parties do not dispute the facts. A sheriff's deputy served a summons to Johnston on May 8, 1996. The return date appearing in the summons was May 23, 1996. In the meantime, Clinton County Convalescent Center made arrangements with the associate circuit clerk to move the hearing date from May 23 to May 16, and it sent a copy of its letter to the clerk confirming the change to Johnston.

On May 16, when Johnston did not appear for the rescheduled hearing, the court entered a default judgment against him, and the clerk sent a copy of the judgment to him. The next day, a sheriff's deputy served an execution on the default judgment to Johnston. Johnston did not act until May 23 when he appeared in court. The court informed him that it had already entered a default judgment against him.

On June 25, 1996, Johnston filed a motion pursuant to Rule 74.06 to have the judgment set aside. After oral arguments, the court denied Johnston's motion. Johnston appealed to this court, but we dismissed the appeal

on October 10, 1996, on the ground that we did not have jurisdiction of the matter. We held that the denial of the Rule 74.06 motion "is not subject to appeal on the record pursuant to section 512.180, RSMo 1994[.]"

On December 10, 1996, Johnston asked the circuit court for a writ of *mandamus* ordering its associate circuit division to set aside its default judgment. On December 18, 1996, the circuit court granted a preliminary order in *mandamus;* however, on May 13, 1997, the circuit court refused to make the preliminary order absolute and denied Johnston's petition. Johnston appeals to this court.

Clinton County Convalescent Center's attorney, George A. Pickett, sent a letter to the Clinton County's associate circuit clerk on May 9, 1996, the day after the deputy served Johnston with the plaintiff's petition. The letter said, "Please be advised that Defendant, Michael Johnston, was served May, [sic] 8, 1996, in regard to the [lawsuit]. This is to confirm that the case is now scheduled for hearing Thursday, May 16, 1996 at 1:30 p.m." The letter indicates that Pickett sent a copy to Johnston, but Johnston told the court that he did not receive it.

■ Changing the hearing date to May 16 was unlawful. We find no authority for an associate circuit division to schedule a hearing date earlier than the summons' return date. So long as the chapter dealing with landlord-tenant actions, Chapter 535, does not contain more specific procedures, Chapter 517[1] governs procedures before the associate circuit judge. We find no statute in Chapter 535 giving the associate circuit division the authority to set a hearing for a date sooner than the summons' return date.[2] Section 517.051 says, "Every case shall be tried upon the return date of the summons, when the summons has been duly and timely

served, or on a date to which the case has been continued." Section 517.071 authorizes the associate circuit division to continue a case. We are obligated to give "continue" its plain and ordinary meaning. *City of Dellwood v. Twyford,* 912 S.W.2d 58, 60 (Mo. banc 1995). The plain and ordinary meaning of "continue" would not authorize setting a hearing for a date sooner than the summons' return date.

For a long time, Missouri courts have deemed a continuance to be a "postponement of action pending in court to a subsequent day or another term." *Ferber v. Brueckl,* 322 Mo. 892, 17 S.W.2d 524, 527 (1929).[3] This is consistent with the dictionary definition of "continuance:" "[t]he adjournment or postponement of a session, hearing, trial, or other proceeding to a subsequent day or time[.]" BLACK'S LAW DICTIONARY 321 (6th ed.1990). The associate circuit division had authority only to move Johnston's case to a date later than May 23—not earlier.

■ Johnston argues that because the associate circuit division lacked authority to change the hearing to a date sooner than the summons' return date, the circuit court erred in refusing to grant him a writ of *mandamus.* Johnston contends that the circuit court should have entered an order mandating that the associate circuit division grant his Rule 74.06 motion and to set aside its judgment. An associate circuit division, however, is not subject to the circuit court's jurisdiction for remedial writs. *State of Missouri ex rel. Drienik v. Clifford,* 944 S.W.2d 266, 268 (Mo.App.1997). The circuit court, therefore, did not have the authority to issue a writ of *mandamus.*

■ Justice, however, demands that appropriate relief should not be denied in this

---

1. Section 517.011.1(3) makes the procedural requirements of Chapter 517 applicable to "[a]ll cases arising under chapter ... 535, RSMo[.]" All citations to statutes refer to the 1994 Revised Statutes.

2. The General Assembly had not enacted §§ 535.030 and 535.040, RSMo Supp.1997, when the deputy served Johnston.

3. Judge Luckenbill relies on *Plaza Point Investments, Inc. v. Dunnaway,* 637 S.W.2d 303 (Mo.

App.1982), to contend that a continuance may include moving a hearing to a date earlier than the original hearing date. Although in *Dunnaway* the associate circuit division moved the hearing to a date earlier than the original hearing, this court did not consider whether this rescheduling was lawful because it concluded that it did not have jurisdiction to consider the appeal. *Dunnaway,* therefore, offers no instruction on the issue now squarely before us.

case. Although Johnston did not petition this court for a writ of *mandamus,* the relief he seeks is in the nature of *mandamus. Roy A. Scheperle Construction Company, Inc. v. Cole County,* 617 S.W.2d 517, 519 (Mo.App. 1981). *See also Gullic v. City of Fredericktown,* 679 S.W.2d 436, 437 (Mo.App.1984). We, therefore, deem Johnston's appeal as an action in *mandamus.*

 Judge Luckenbill argues that *mandamus* is not an appropriate remedy because the denial of a Rule 74.06 motion is discretionary. Rule 74.06 vests courts with broad discretion in acting on motions to vacate judgments, and we will not interfere with the exercise of such discretion unless the record convincingly demonstrates an abuse of discretion. *Burris v. Terminal Railroad Association,* 835 S.W.2d 535, 537–38 (Mo.App. 1992). Although *mandamus* will not lie to control the exercise of a discretionary power, it will lie to control the discretion of a court where the court "has acted unlawfully or wholly outside its jurisdiction or authority or has exceeded its jurisdiction, and also where it has abused whatever discretion may have been vested in it." *State ex rel. Keystone Laundry & Dry Cleaners, Inc. v. McDonnell,* 426 S.W.2d 11, 14 (Mo.1968).

The associate circuit division abused its discretion when it denied Johnston's Rule 74.06 motion. It exceeded its jurisdiction and acted without authority by moving the hearing date to a date earlier than the summons' return date. Acting without authority is an abuse of discretion. The associate circuit division should, therefore, have granted Johnston's Rule 74.06 motion.

Judge Luckenbill also contends that *mandamus* is not the appropriate remedy because Johnston had an adequate remedy at law. He argues that the default judgment order was an appealable order; therefore, Johnston's only remedy was an application for trial *de novo* pursuant to § 512.180. We disagree.

In *Plaza Point Investments, Inc. v. Dunnaway,* 637 S.W.2d 303 (Mo.App.1982), we recognized that we have general, superintending control over all courts in our jurisdiction pursuant to Article V, § 4, of the Missouri Constitution. The *Dunnaway* court noted that "the primary means by which appellate courts exercise their superintending control is by original extraordinary writs[.]" *Id.* at 306.

Hence, in this case, we exercise our supervisory authority over the associate circuit division of circuit court. Because the associate circuit division acted without authority, we issue a writ of *mandamus* mandating that the associate circuit division set aside its judgment against Johnston in Case № CV1096–163AC.

BRECKENRIDGE, P.J., and LOWENSTEIN, J., concur.

