Billie D. HAUN, Appellant,

v.

MACON COUNTY SHERIFF'S DEPARTMENT, Respondent.

No. WD 58145.

Missouri Court of Appeals, Western District.

Oct. 31, 2000.

Billie D. Haun, Bowling Green, pro se.

D. Keith Henson, St. Louis, for respondent.

Before SPINDEN, C.J., and HOWARD and HOLLIGER, JJ.

HOWARD, Judge.

Billie D. Haun filed a petition in replevin against the Macon County Sheriff's Department, seeking the return of seized property. Haun's sole point on appeal is that the associate circuit court and the circuit court erred in not granting his "amended motion and motion for the production of miss[ing] items."

We reverse and remand.

## Facts

On June 28, 1999, Billie D. Haun filed a petition in replevin against the Macon County Sheriff's Department in the Macon County Circuit Court. In his petition, he alleged that on October 17, 1997, the Macon County Circuit Court issued a search warrant to search his residence for methamphetamines and drug paraphernalia. Haun alleged that the sheriff's department illegally seized a toolbox, tools and keys that were not listed on the search warrant. The petition further alleged that the sheriff's department released the illegally seized property to his brother's girlfriend without his permission. Haun sought possession of the illegally seized property or the value of the property, and punitive damages.

On August 16, 1999, Haun did not appear at the scheduled hearing on his petition. The sheriff's department appeared and tendered the items listed in Haun's petition, as well as other items not mentioned in the petition. The Circuit Court of Macon County, Associate Division, entered its judgment finding that Haun was entitled to possession of the tendered items and was not entitled to all other items seized by the sheriff's department, as those items were deemed contraband.

On September 9, 1999, Haun filed a "motion to amend and adjust judgment" in which he claimed that he was entitled to several more illegally seized items that had not yet been tendered by the sheriff's department. On September 30, 1999, Haun filed a petition for the production of missing items, claiming that there were items missing from the toolbox when it was tendered to his designated agents.

On October 4, 1999, the circuit court denied the motion to amend and adjust judgment and dismissed the petition for production of missing items because it was not a proper post-judgment motion and because it was not timely filed.

On October 14, 1999, Haun filed a "petition for reconsideration on petition for the production of missing items and motion to amend and adjust judgment." He also filed a notice of appeal. The Macon County Circuit Court, Associate Division, sent Haun a letter informing him that the court was treating the notice of appeal as an application for trial de novo and that the case was being transferred to the Circuit Court of Macon County.

On November 30, 1999, Haun did not appear at the hearing on his "appeal and request for trial de novo." The circuit court dismissed his appeal and request for trial de novo in both a docket entry and an order, neither of which contained the word "judgment."

On December 16, 1999, Haun filed his notice of appeal with the Missouri Court of Appeals, Eastern District. The eastern district transferred the appeal to this court. This court then sent Haun a letter informing him that the November 30, 1999 order was not denominated "judgment" as required by Rule 74.01(a), and therefore this court was without jurisdiction to consider his appeal. Haun then wrote to the circuit court clerk requesting a copy of a denominated judgment. The clerk wrote back and told Haun that the file did not contain such a document. On February 14, 2000, Haun filed an "appeal from the associate court and application for trial de novo" with the circuit court, requesting that the court hold another hearing and stating that he would not be able to appear at the trial de novo, but asking the court not to dismiss the case for his failure to

appear. On February 17, 2000, Judge Wallace entered the following judgment:

### JUDGMENT

On the 30th day of November, 1999, this cause comes on for trial on the Plaintiffs' Request for Trial de Novo. The Plaintiff comes not and the Defendant appeared by counsel and announced ready. No appearance for the Plaintiff occurring, the Court on defendants' Motion grants Judgment by default against the Plaintiff and in favor of the defendant on the Petition.

The judgment was signed by Judge Wallace.

Haun then wrote to the clerk, pointing out that the November 30, 1999 order dismissed his appeal, while the February 17, 2000 judgment granted default judgment against him and in favor of the sheriff's department. Haun requested a copy of the sheriff's department's motion for judgment by default. The clerk wrote back to Haun stating that the sheriff's department's motion was made orally. This appeal follows.

### Argument

█ Haun's sole point on appeal is that the associate circuit court and the circuit court erred in not granting his "amended motion and motion for the production of miss[ing] items."[1]

The Macon County Sheriff's Department contends that this court lacks jurisdiction to review Haun's appeal because the judgment of the Macon County Circuit Court on November 30, 1999 is void due to lack of jurisdiction in that Haun failed to file a timely appeal from the judgment of the associate circuit court of Macon County pursuant to § 512.190.[2]

█ We are obligated to determine our jurisdiction sua sponte before considering Haun's claims. *Oliva v. Spatz,* 831 S.W.2d 675, 676 (Mo.App. W.D.1992). "If the trial court was without jurisdiction, its judgment is absolutely void. This court has no jurisdiction to review a void judgment on the merits...." *Id.* (Citation omitted.)

Section 512.180.1 provides as follows:

Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases where the petition claims damages not to exceed five thousand dollars.

█ Section 512.190.1 provides, in pertinent part, that "[t]he right of trial de novo provided in subsection 1 of section 512.180 shall be perfected by filing an application for trial de novo with the clerk serving the associate circuit judge within ten days after the judgment is rendered." "[T]he ten-day rule under § 512.190 is absolute and may not be extended." *Columbia Glass and Window Co. v. Harris,* 945 S.W.2d 5, 6 (Mo.App. W.D.1997); *see also Oliva,* 831 S.W.2d at 676.

█ The associate circuit court entered its judgment on August 16, 1999. Haun filed his application for trial de novo

---

**1.** Haun's brief states only that the circuit court erred in not granting his "amended motion and motion for the production of miss[ing] items." Haun does not indicate from which judgment he is appealing. However, "the right to civil appeal is predicated upon there being a final judgment...." *In re M.M.P.,* 10 S.W.3d 195, 197 (Mo.App. W.D. 2000). "[A]n order of the court must be denominated a 'judgment' to be considered final." *Davis v. Department of Social Services* *Div. of Child Support Enforcement,* 15 S.W.3d 42, 44 (Mo.App. W.D.2000); *see also* Rule 74.01(a). The November 30, 1999 dismissal was not a final judgment because it was not denominated "judgment." *Id.* Therefore, we will assume, for purposes of this opinion, that Haun is appealing from the February 17, 2000 judgment.

**2.** All statutory references are to RSMo 1994.

on October 14, 1999. Because Haun did not file his application for trial de novo within ten days after the associate circuit court rendered its judgment, it was untimely. "Without a timely application for trial de novo, the circuit court did not have jurisdiction to proceed." *Oliva*, 831 S.W.2d at 676. The purported judgment of the circuit court dated February 17, 2000 is void. Because the appeal is from a void judgment, we have jurisdiction only to determine that the February 17, 2000 judgment is invalid and remand to the circuit court with directions to dismiss the appeal from the associate circuit court.

The sheriff's department's motion to dismiss and/or strike Haun's amended statement, brief and argument is denied.

SPINDEN, C.J., and HOLLIGER, J., concur.