HOWARD CONSTRUCTION COMPANY,
Plaintiff/Respondent,

v.

TEDDY WOODS CONSTRUCTION
COMPANY, et al., Defendant,

and

Integon Indemnity Corporation,
Defendant/Appellant.

No. WD 45932.

Missouri Court of Appeals,
Western District.

Oct. 6, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Nov. 24, 1992.

Application to Transfer Denied
Jan. 26, 1993.

Gordon R. Gaebler, Kansas City, for appellant.

Gardiner B. Davis, Spencer Fane Britt & Browne, Kansas City, for respondent.

Before TURNAGE, P.J., and BRECKENRIDGE and HANNA, JJ.

TURNAGE, Presiding Judge.

Integon Indemnity Corporation appeals from a judgment entered by the trial court after a remand from this court in *Howard Constr. v. Teddy Woods Constr.*, 817

S.W.2d 556 (Mo.App.1991). Integon contends that a part of the judgment entered on remand was in excess of the jurisdiction of the trial court. Judgment reversed in part.

In *Howard Construction,* this court considered an appeal involving a claim by Howard Construction against Integon on a performance bond issued by Integon. Howard Construction appealed the action of the court in setting aside an award for attorney fees made by the jury. This court held that the trial court had erred in setting aside the award and found that Howard Construction was entitled to an award of attorney fees in the amount of $39,-924.88. This court remanded the case:

> [W]ith directions that judgment be entered in favor of Howard Construction and against Integon for contract damages in the amount of $52,034.65 plus interest to June 1, 1989, in the amount of $19,681.93. In addition, Howard Construction is to be awarded interest at the rate of 9% per annum on the total amount of said judgment, $71,716.58, from June 1, 1989, to the date of judgment entry pursuant to this opinion. The trial court is further directed to award Howard Construction attorney fees against Integon, through trial, in the amount of $39,924.88.

*Id.* at 564.

After the remand, Howard Construction filed a motion seeking an award of attorney fees to compensate it for the amount it had paid its attorneys during the course of the appeal of *Howard Construction.* The trial court entered a judgment which conforms to the direction of this court as given in *Howard Construction* but added an additional $50,386.44 for attorney fees during the appeal.

Integon contends that the court was without jurisdiction to enter judgment for the additional attorney fees because that was beyond the direction of this court in *Howard Construction.* In *City of St. Charles v. Schroeder,* 510 S.W.2d 202 (Mo. App.1974), the court considered the action of the trial court in refusing to award attorney fees after a judgment had been reversed and the cause remanded. The court heard a motion for attorney fees for work on the appeal but denied relief. The court held the action of the trial court to be proper and stated:

> There was no attempt made in the original trial to obtain an allowance for attorneys' fees either for the work done in the trial of the case or in anticipation of the work to be done on appeal. The mandate of this court contained no direction to determine and tax as costs attorneys' fees for any party. A trial court has no power to enter any other judgment, or to consider or determine other matters not included in the duty of entering the judgment directed by the mandate of an appellate court. *Scheufler v. Lamb,* 169 S.W.2d 913, 914[3] (Mo.1943); *State ex rel. Sturm v. Allison,* 384 S.W.2d 544, 548[8] (Mo. banc 1964). A trial court's duty is to render judgment in accordance with the mandate. It is without power to modify, alter, amend or in any manner depart from the judgment of an appellate court. Proceedings contrary to the mandate are null and void. *Morrison v. Caspersen,* 339 S.W.2d 790, 792[2] (Mo.1960). Any orders or adjudication in a cause subsequent to the mandate must be confined to those necessary to execute the judgment. An award of attorneys' fees after the issuance of the mandate which makes no reference thereto would violate its terms. *Papin v. Papin,* 475 S.W.2d 73, 75–76[2–4] (Mo.1972).

*Id.* at 203[1, 2].

In *Scheufler v. Lamb,* 169 S.W.2d 913, 914[2, 3] (Mo.1943), the court held that a trial court had no power to enter any other judgment or to consider or determine any other matters not included in the direction for entry of judgment made by the appellate court. In *State ex rel. Sturm v. Allison,* 384 S.W.2d 544, 548[8] (Mo. banc 1964), the court held that when an appellate court remands a case with specific direction the trial court is required to render judgment in accordance with the direction given and has no power to modify, alter, or amend, or in any manner depart from the opinion and mandate of the appellate court. The court further held that any

proceedings in the trial court contrary to the mandate of the appellate court are void.

■ In this case, Howard Construction did not seek its attorney fees on appeal prior to the entry of the original judgment in the trial court.[1] When this court directed the trial court to enter judgment, the trial court was without jurisdiction to enter any other judgment than that directed by this court. Further, the trial court had no jurisdiction to entertain any matter not included in the direction from this court for the entry of judgment.

The court had no jurisdiction to award attorney fees incurred on appeal and that part of the judgment awarding $50,386.44 as additional fees since the trial is void.

That part of the judgment which reads "and an additional $50,386.44 paid since trial" is reversed and this cause is remanded with directions to strike that clause from the judgment entered on January 16, 1992.

All concur.

1.  Howard Construction relies on *Jesser v. Mayfair Hotel, Inc.*, 360 S.W.2d 652 (Mo. banc 1962), as authority for the trial court, after remand, to award attorney fees incurred during the appeal. In that case, prior to the appeal, the trial court by consent of the parties and as part of its judgment retained jurisdiction to receive and consider an application by any party for allowance of attorney fees in connection with the litigation. 360 S.W.2d at 656. No such order was requested or made in this case.