**Michael Scott MOORE, Respondent,**

v.

**Carol Patrick MOORE, Appellant.**

**No. WD 46012.**

Missouri Court of Appeals,
Western District.

March 16, 1993.

Joseph Y. DeCuyper, DeCuyper & Associates, Kansas City, for appellant.

Barton S. Blond, Sarah Recker Healy, Blond & Nigro, Kansas City, for respondent.

Before BERREY, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

Carol Patrick Moore appeals from the March 4, 1992, judgment of the trial court modifying the court's July 5, 1984, decree dissolving her marriage with Michael Scott Moore and from the March 9, 1992, order of the trial court denying Ms. Moore's motion to fix an amount for and to approve a supersedeas bond. Ms. Moore contends the trial court erred in (1) modifying the child custody provisions of the prior decree, (2) overruling her cross-motion to modify the dissolution decree, and (3) overruling her motion to fix an amount for and to approve a supersedeas bond to stay the court's execution of its March 4, 1992, order. The March 4, 1992, modification order of the trial court is affirmed in part and reversed in part. The legal issues presented in point (3) are not addressed.

The marriage of Carol Patrick Moore and Michael Scott Moore was dissolved by entry of decree in the Circuit Court of Clay County, Missouri on July 5, 1984. Pursuant to the dissolution decree, Ms. Moore was awarded sole custody of the minor child of the marriage, Kevin Michael Moore, who was born April 2, 1982. Mr. Moore was granted express visitation rights with Kevin and was ordered to pay child support.

On May 7, 1990, Mr. Moore filed a "Motion to Modify Decree as to Child Custody, or in the Alternative, Motion to Modify Decree as to Visitation; Motion to Modify Decree as to Support; and Motion for Order to Show Cause Why Respondent Should Not Be Held in Contempt." [1] Ms. Moore filed her answer to Mr. Moore's motions and filed a cross-motion to modify as to child support, medical and dental insurance coverage for Kevin, visitation, and attorney fees on June 25, 1990.

A hearing on the motions was held commencing on November 15, 1991, and concluding on January 22, 1992. On March 4, 1992, the trial court issued a "Modification Order" in which the court granted Mr. Moore's motion to modify as to custody and declared Ms. Moore's cross-motion to be moot. The trial court found that "a change in the circumstances" of Kevin or Ms. Moore had occurred which was "so substantial and continuing" as to require that the original dissolution decree be modified with respect to child custody in order to serve Kevin's best interests. The trial court ordered that Mr. Moore and Ms. Moore share joint legal and joint physical custody of Kevin and designated Mr. Moore as Kevin's primary physical custodian.

On March 5, 1992, Ms. Moore filed a "Motion to Fix Amount of Supersedes Bond and to Approve a Supersedes Bond" in order to stay the execution of the March 4, 1992, order of the trial court. The trial court overruled this motion after a hearing on March 9, 1992. Ms. Moore appeals both the trial court's March 4, 1992, modification order and its subsequent denial of the motion for supersedeas bond.

## I.

As her first point on appeal, Ms. Moore alleges that the trial court erred in modifying the July 5, 1984, decree based upon the findings specifically mentioned by the trial court because such findings are against the weight of the evidence and do not comply with section 452.410, RSMo Supp.1991. Section 452.410 governs modification of child custody and provides:

---

[T]he court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. Notwithstanding any other provision of this section or sections 452.-375 and 452.400, any custody order entered by any court in this state or any other state prior to August 13, 1984, may, subject to jurisdictional requirements, be modified to allow for joint custody in accordance with section 452.375, without any further showing.

§ 452.410.1. The changes in circumstances enumerated by the trial court as warranting the modification were:

(a) The mother has minimized the contact of the child with his father and has demonstrated an inability to allow the child the frequent and meaningful contact with his father that the child desires and deserves.

(b) The mother has refused to allow the child to spend time with his father unless specifically required by the visitation order of July 5, 1984, in spite of the knowledge that the child and father desire to spend more time together, one example of which was her consistent refusal to let the father take care of the child when the mother was in need of child care providers or sitters.

(c) The child is older and in greater need of time with his father.

(d) The father has remarried, has a stable occupational and homelife, and now has a sincere desire to be a constructive influence in his son's life.

(e) The father has become the more likely of the two parents to allow the child frequent and meaningful contact with the other parent.

The scope of review of the trial court's findings in this court-tried civil case is defined in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The decree of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.*

■ Examination of the transcript of the hearing on the motions reveals that the first two changes of circumstances found by the trial court are against the weight of the evidence. (Changes (a) and (b).) Mr. Moore admitted during the hearing that from the time of the divorce until he filed his motion to modify custody he "got Kevin when [he] was supposed to get him" according to the visitation provisions of original dissolution decree. Furthermore, Mr. Moore admitted that Ms. Moore had allowed him additional visitation with Kevin, over and above that required by the decree, until he filed the motion to modify. Ms. Moore testified that she had given Mr. Moore additional visitation with Kevin in the past but that after she received the motion to modify, she stopped allowing additional visitation, with only a few exceptions, on the advice of her attorney to "just go by the court's order." The evidence presented showed that rather than inhibiting visitation, Ms. Moore not only followed the visitation provisions of the divorce decree but also allowed Mr. Moore some, although not all, of the additional visitation with Kevin he had requested in the past.

■ The third change in circumstances found by the trial court (Change (c)) does not support transfer of Kevin's primary physical custody from Ms. Moore to Mr. Moore. It is true that at the time of the modification hearing Kevin was seven and one-half years older than he was at the time the original decree was rendered. However, the fact that a child has grown older is not, in and of itself, a change of condition sufficient to warrant a custody change. *Betterton v. Betterton*, 752 S.W.2d 417, 419 (Mo.App.1988).

Each party elicited expert psychiatric testimony regarding Kevin's need to have more time with his father. Mr. Moore's expert witness testified that Kevin needed additional time with his father. Ms. Moore's expert testified that Kevin should remain in his mother's custody but noted that the visitation provided Mr. Moore and Kevin was insufficient.

The trial court's finding that Kevin, now older, is in greater need of more time with his father is not trivial, but Kevin's need for additional time with his father can be appeased by granting additional visitation rights to Kevin's father. The close proximity of the parties' residences facilitates more frequent visitation between Kevin and his father.

■ The fourth change of circumstances found by the trial court (change (d)) concerns Mr. Moore. The change in circumstances required by section 452.410 must relate to the child or his custodian. *Id.* "The remarriage of a non-custodial parent is not alone enough to support a finding of changed circumstances." *Id.* Mr. Moore's circumstances are relevant only to a determination of whether his home is an acceptable place for Kevin to live, not as the evidence needed for a modification of his custody. *Id.*

■ The final change of circumstances cited by the trial court (change (e)) is against the weight of the evidence. Both Mr. Moore and Ms. Moore testified that Ms. Moore had complied with the court's orders in the past.[2] While Ms. Moore had not granted every request made by Mr. Moore for increased visitation with Kevin and perhaps she had refused more times than she had granted, no evidence that Ms. Moore prevented Kevin from having "frequent and meaningful contact" with Mr. Moore was presented.

■ Missouri courts have found that there is much value in allowing children to remain with the parent who has had custody over a long period of time as against uprooting them to settle elsewhere. *Id.* As a result, once custody has been adjudicated, it is presumed that the custodian remains suitable and the burden of proving a change of circumstances justifying a change of custody is on the party seeking the change. *Shoemaker v. Shoemaker,* 812 S.W.2d 250, 254 (Mo.App.1991). Mr. Moore has not met his burden.

Mr. Moore argues in rebuttal that he did not need to show a change in the circumstances regarding Kevin or Ms. Moore in order for the trial court to modify custody. Mr. Moore maintains that as a result of the last sentence of section 452.410.1, which states that "[n]otwithstanding any other provision of this section or sections 452.375 and 452.400, any custody order entered by any court in this state ... prior to August 13, 1984, may ... be modified to allow for joint custody in accordance with section 452.375, without any further showing," in order to modify the prior decree to allow for joint custody in accordance with section 452.375, RSMo Supp.1991, all he was required to demonstrate and the court determine was that modification was in Kevin's best interest.

■ This court agrees that the trial court did not need to find a change in the circumstances regarding Kevin or Ms. Moore in order to modify the original decree, which granted sole custody of Kevin to Ms. Moore, to a plan awarding both parents joint legal and joint physical custody. However, because of the reluctancy of Missouri courts to uproot children once they have been placed in the physical custody of one parent for a long period of time, *see, e.g., Morgan v. Morgan,* 701 S.W.2d 177, 181 (Mo.App.1985); *Clouse v. Clouse,* 545 S.W.2d 402, 407–08 (Mo.App.1976) ("[c]hildren should be transferred from one environment or custodian to another only where a change of circumstances is such that the welfare of the children so requires"), a change in the circumstances of the child or custodian must be found before the primary physical custody of the child can be modified. Because the trial court did not find a significant change in the circumstances regarding Kevin or Ms. Moore before modifying the decree to place Kevin in the primary physical custody of Mr. Moore, the trial court acted in error. That portion of the trial court's March 4, 1992, modification order naming Mr. Moore as Kevin's primary physical custodian is reversed.

The record and evidence permit this court to make the custody determination

---

2. Ms. Moore could recall only two times since the dissolution became final when Kevin did not participate in a weekend visitation with his father. In both instances, Kevin spent the following two weekends in a row with his father to make up for the lost weekend.

the trial court ought to have made with confidence in the reasonableness, fairness, and accuracy of the decision. Rule 84.14; *Grunden v. Nelson*, 793 S.W.2d 569, 576 (Mo.App.1990). The parties shall share joint legal and joint physical custody of Kevin as provided in the modification order. Kevin's primary physical custody is awarded to Ms. Moore. However, this court is uncertain that granting Mr. Moore the specific visitation rights that the trial court's order granted Ms. Moore would conform to Mr. Moore's work schedule or otherwise be in Kevin's best interest. Therefore, substantial specific visitation rights will be granted to Mr. Moore as the trial court shall determine.

## II.

■ Ms. Moore contends as her second point on appeal that the trial court erred in overruling her cross-motion to modify as to child support, visitation, medical and dental insurance, and attorney fees. The trial court directed in its modification order that "the parties each shall pay their respective attorney's fees in this action in their entirety," and that neither party pay child support. The trial court further stated that Ms. Moore's cross-motion was rendered moot as a result of the court's findings and orders contained in the modification order.

The award of attorney fees in a proceeding to modify a dissolution decree is within the sound discretion of the trial court and will not be overturned on appeal unless the aggrieved party demonstrates an abuse of discretion. Section 452.355, RSMo Supp. 1991; *Beeler v. Beeler*, 820 S.W.2d 657, 661 (Mo.App.1991). Although Ms. Moore testified that her job at Merit Foods was to be terminated soon and the trial court found her to be unemployed and without income, Ms. Moore was working at the time of the hearing and was employable. The trial court's failure to award her attorney fees was not an abuse of discretion.

This court has granted Ms. Moore's request that Mr. Moore's rights of visitation with Kevin be specifically set. *See supra*

section I. Mr. Moore shall receive specific substantial visitation with Kevin at such times as the trial court shall determine. However, because of this court's reversal of the custody and visitation provisions of the trial court's modification order, the remainder of Ms. Moore's cross-motion is not now moot and must be addressed. The case is remanded, and the trial court is directed to consider the portions of Ms. Moore's cross-motion requesting child support[3] and medical and dental insurance for Kevin.

## III.

Ms. Moore alleges as her third point on appeal that the trial court erred in overruling her motion to fix an amount for and to approve a supersedeas bond to stay the court's execution of its March 4, 1992, order. Because this court has directed that Kevin's primary physical custody be returned to Ms. Moore, Ms. Moore's third point need not be addressed.

That portion of the trial court's judgment modifying the child custody from a sole custody arrangement to a joint legal and joint physical custody plan is affirmed. That portion of the trial court's judgment making Mr. Moore Kevin's primary physical custodian and granting Ms. Moore express visitation privileges is reversed. Kevin's primary physical custody is returned to Ms. Moore. Mr. Moore shall be awarded specific substantial visitation with Kevin at such times as the trial court shall determine. The cause is remanded with directions that the trial court modify its judgment to conform to this opinion and that the trial court determine the appropriate child support and medical and dental insurance coverage for Kevin.

BERREY, P.J., concurs.

SMART, J., concurs in separate concurring opinion.

SMART, Judge, concurring.

It is the desire of the courts to see divorced parents cooperating with one anoth-

3. There is evidence that in determining Mr. Moore's gross annual earnings the trial court may have failed to include unemployment compensation benefits received by Mr. Moore. On remand, the trial court is directed to include such benefits when calculating child support under Form 14.

er concerning visitation whenever it is in the child's best interest. I write separately in order to illustrate the conflict presented by that desire when a custodial parent takes a restrictive approach to visitation, and yet is in compliance with the decree. Although Carol Moore has complied with the provisions of the decree related to visitation, she believes it is best for Kevin's life to revolve primarily around his relationship with his mother as custodial parent. She believes a child should have "one home that he reports to, sleeps at, and has his daily routine" during the school year.

Michael Moore desires to spend more time with his son. Because Mr. Moore is employed in the construction industry, he has a substantial number of days off work due to weather or other factors. He would like to spend some of those days in the summer with Kevin. He has rarely been allowed the opportunity. Mr. Moore is also available to spend time with Kevin each day between the time he gets home from work and the time Carol Moore arrives home from work. Instead, she has arranged for Kevin to attend a school-sponsored day care program ("Adventure Club") after school until she can pick him up after her work. Kevin does not like Adventure Club and would rather go to his father's house after school. Mr. Moore has been allowed visitation with Kevin only a few times on a week night during the school year, although he has asked repeatedly for such visitation. He has never been allowed to have Kevin overnight on a school night, even though both homes are relatively close to the school. Prior to Mr. Moore's filing of the motion to modify, he was allowed to take Kevin to baseball practice. Since that time, he has been denied all visitation outside of the times specified in the decree. Michael Moore has been denied visitation even at times when it would have been to the convenience of both parties to allow extra visitation, such as

days he is off work in the summer and Carol Moore has to work. Carol Moore prefers, even on those occasions, to have Kevin stay with her grandmother or mother rather than with Mr. Moore.

There is no complaint that there is something negative about Michael Moore—that he is a bad influence or that he behaves inappropriately with Kevin. The record reflects that Michael Moore is a good father, genuinely interested in a meaningful relationship with his son. Michael Moore has a stable home life. His wife, Renna Moore, works outside the home only part-time and is available in the home every afternoon after school.

Kevin desires to spend 50 percent of his time with each parent. The experts who testified in the case for both parties indicated that it is best for Kevin to get more time with his father. Carol Moore believes that "50/50 is not the way to go." Everyone except Carol Moore agrees that Kevin's best interests are served by an arrangement that would allow him to spend more time with his father. Carol Moore's preference for keeping Kevin's life strongly anchored to her home is the only obstacle to an arrangement that would allow more visitation. Yet it is not denied that Carol Moore has complied with the *required* visitation in an exemplary fashion and is a very good mother to Kevin.[1]

One can understand the trial court's finding that "the father has become the more likely of the two parents to allow the child frequent and meaningful contact with the other parent." The trial court, very likely, is correct. The question before us, however, is whether that finding is sufficient to support a modification of the primary physical custody of the child when the evidence shows that the custodial parent is a good parent, has complied with the decree, provides a home in which the child is doing well, has followed the advice of her attorney[2], and would comply with an expanded

---

1. This case does not involve a decree that required visitation "at other reasonable times." It simply requires visitation on the specified weekends, holidays and summer vacation.

2. Ms. Moore has allowed Mr. Moore absolutely no visitation except what was provided by the

decree since the date Mr. Moore filed his motion to modify. She has restricted the visitation because her attorney advised her that adhering strictly to the decree was the "safest" course of action.

visitation schedule ordered by the court. Is this a "change of circumstances" so "substantial and continuing" as to require that the original dissolution decree be modified as to custody?

I concur with the principal opinion that Mr. Moore has not shown a sufficient change of circumstances. Since Carol Moore has complied with the previous decree, there is no reason to conclude she would not comply with an expanded visitation schedule. If, after expanded visitation is ordered, Carol Moore does not comply with what the court has ordered, her noncompliance may be a change of circumstances regarding the child or the custodian which is "substantial and continuing."

As the principal opinion notes, the fact that the child is older than at the time of the original decree is not, in and of itself, a sufficient change of circumstances to support modification of physical custody. *In re Marriage of Thompson,* 682 S.W.2d 849 (Mo.App.1984). The remarriage of the noncustodial parent, also mentioned by the trial court, is not enough in and of itself to support a finding of change of circumstances. *Korn v. Korn,* 584 S.W.2d 179 (Mo.App.1979); *Betterton v. Betterton,* 752 S.W.2d 417, 419 (Mo.App.1988). The fact that the child needs more time with his father is not, in and of itself, a sufficient change of circumstances to support the modification of custody since the provisions related to visitation may be modified to accomplish this objective. If the provisions for visitation may be modified, then a change of physical custody is not *"necessary* to serve the best interests of the child." (Emphasis added). § 452.410.

I trust that our decision in this case will not encourage an impression that custodial parents should limit visitation to the minimum. When the non-custodial parent is a committed parent and a very positive influence on the child, custodial parents will do well to encourage visitation beyond minimum requirements. When they do not do so, they put before a trial court the temptation to change custodial parents so that visitation schedules can remain flexible and cooperative. Courts, of course, would rather avoid the necessity that visitation rights be spelled out and formulated to a high degree. When parents do cooperate flexibly with one another, they not only reduce the need for attorneys, but they also provide a valuable example to their children. I understand the trial court's desire to see some flexibility in visitation in this case. I concur, however, with the proposition that the law requires that Carol Moore first be given an opportunity to comply with modified visitation arrangements which would provide Michael Moore more visitation with his son.

I concur with the decision to reverse that portion of the trial court's judgment making Mr. Moore Kevin's primary physical custodian.