William Ray SUMNICHT, III,
B/N/F William Sumnicht,
II, Respondent,

v.

Julie SACKMAN, Appellant.

No. 49883.

Missouri Court of Appeals,
Western District.

Submitted May 15, 1995.

Decided July 5, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 29, 1995.

Application to Transfer Denied
Oct. 24, 1995.

Nancy Caviar, Kansas City, for appellant.

Max D. Goracke, Kansas City, for respondent.

Before KENNEDY, P.J., and SMART and LAURA DENVIR STITH, JJ.

SMART, Judge.

This case involves the modification of an award of custody in a paternity suit. Julie Sackman appeals from the trial court's order of modification.

Judgment is reversed and the case is remanded.

Julie Sackman ("Mother") and William Ray Sumnicht, II ("Father") are the parents of William Ray Sumnicht, III ("Liam"), born on February 24, 1987. Father and Mother were never married to one another, nor did they ever live with one another. Liam has lived with his mother since birth, but Father has always acknowledged a paternal obligation to his son.

On September 30, 1991, Father filed a petition for the declaration of paternity. The parties reached an agreement and on June 2, 1992, a judgment of paternity, custody and support was entered. Mother was ordered to have the primary care, custody and control of the child subject to the reasonable visitation rights of Father. On November 4, 1992, Father filed a motion to modify the decree to an award of *joint legal* custody for the reason that Mother had "willfully and intentionally refused to discuss the upbringing, schooling and decision making, of the minor child with [Father], in violation of 452.375.5 RSMo. Supp.1990." He further alleged that Mother had intentionally "failed to enroll the child in any school, against the best interest of the child." Father asked for joint legal custody, or in the alternative primary custody. The motion was motivated by Father's desire to get the court to force a schooling arrangement for the child which was acceptable to Father. Father did not allege that Mother was an unfit custodian. After a hearing, the trial court found a change of circumstances existed and transferred sole legal and physical custody of the child to Father. Mother appeals.

■ Mother contends that the trial court erred in sustaining Father's motion to modify because he did not show a change of circumstances justifying a transfer of custody. Thus, Mother argues that the modification was not supported by substantial evidence. This court must affirm the trial court's judgment unless the judgment is clearly against the weight of the evidence or the judgment erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Section 452.410.1, RSMo 1994 allows the trial court to modify a custody decree if evidence is presented which shows: (1) that a change has occurred in the circumstances of the child or the child's custodian; and (2) that modification is necessary to serve the best interests of the child. After child custody has been judicially determined, the custody award is presumed suitable and the party seeking modification of the award bears the burden of showing a substantial change of conditions mandating the requested change to further the best interests of the child. *Hoefer v. Hoefer*, 860 S.W.2d 376, 378 (Mo. App.1993).

The trial court, in its order, stated that "there has been a substantial change of circumstances including, but not limited to, *the fact that [Father] is more likely to provide meaningful contact between the minor child, William Sumnicht, III, born to the parties and the Respondent [Mother], thereby making the previous judgment unreasonable.*" Father now suggests that another change of circumstance found by the court is that the child is "now at the age in which a choice or a decision needs to be made with regard to school." Although the order does not set forth such fact as a change of circumstance, Father points to an oral remark of the court when the court was commencing discussion of its decision. The trial court mentioned that the need for a "school decision" was a change of circumstance. Then, however, after reviewing various factors which the court deemed pertinent to its consideration, it an-

nounced custody would be changed from Mother's single custody to Father's single custody due to the court's perception that Father "is more likely to allow meaningful contact with [Mother]." This, as we have noted, is the language the court chose to put in the order in designating the "change of circumstance."

 This court, in reviewing the trial court, will defer to the decision of the trial court where there is a basis in the evidence to justify the trial court's decision. *Johnson v. Johnson*, 839 S.W.2d 714, 717 (Mo.App. 1992). The trial court is granted greater deference in custody cases than in other cases. *Id.* Nevertheless, there must be an evidentiary basis to support a finding of a "change of circumstances," which gives the trial court jurisdiction to consider making a change of custody. *Alt v. Alt*, 896 S.W.2d 519, 521 (Mo.App.1995).

*Moore v. Moore*, 849 S.W.2d 652 (Mo.App. 1993) governs the case at bar. In *Moore*, Ms. Moore was awarded sole custody of her minor child after her marriage was dissolved. *Id.* at 653. Mr. Moore then filed a motion to modify custody which was granted by the trial court. The court ordered that Mr. Moore would be the primary physical custodian in a joint custody arrangement. The trial court designated the changes in circumstances warranting the modification as:

(a) The mother has minimized the contact of the child with his father and has demonstrated an inability to allow the child the frequent and meaningful contact with his father that the child desires and deserves.

(b) The mother has refused to allow the child to spend time with his father unless specifically required by the visitation order of July 5, 1984, in spite of the knowledge that the child and father desire to spend more time together, one example of which was her consistent refusal to let the father take care of the child when the mother was in need of child care providers or sitters.

(c) The child is older and in greater need of time with his father.

(d) The father has remarried, has a stable occupational and home life, and now has a sincere desire to be a constructive influence in his son's life.

(e) The father has become the more likely of the two parents to allow the child frequent and meaningful contact with the other parent.

*Id.* at 654. This court, on review, held that the evidence did not support findings a, b and e, and that findings c and d were not sufficient to constitute a change of circumstances. In discussing finding e, this court stated:

Both Mr. Moore and Ms. Moore testified that Ms. Moore had complied with the court's orders in the past. While Ms. Moore had not granted every request made by Mr. Moore for increased visitation with Kevin and perhaps she had refused more times than she had granted, no evidence that Ms. Moore prevented Kevin from having "frequent and meaningful contact" with Mr. Moore was presented.

*Id.* at 655. This court reversed the trial court's decision, and held that a change of circumstances had not been shown.

This case is very similar to *Moore*. Here, Mother stated that she thought Father should actually be allowed less time with Liam rather than more. She candidly indicated at one point during the hearing that she wished Father was not a part of their lives at all so she would not have to deal with him. However, the evidence shows that Mother had faithfully complied with the custody schedule in allowing visitation to Father. In fact, the record shows that Mother was quite liberal in visitation in the past, and it has been only lately that she has been less liberal. Father does not claim that Mother has violated the schedule; rather, he complains he has not received extra time with Liam lately when he has requested it.

 There is a clear reluctance on the part of Missouri courts to change single custody from one parent to the other without a change of circumstances related to the child or the custodian. *Clouse v. Clouse*, 545 S.W.2d 402, 407–408 (Mo.App.1976); *Friend v. Jackson*, 714 S.W.2d 953 (Mo.App.1986). We have recognized in single custody situations the value in "allowing children to remain with the parent who has had custody

over a long period of time as against uprooting them to settle elsewhere." *Moore v. Moore,* 849 S.W.2d 652, 655 (Mo.App.1993). After reviewing the testimony of both parties, we cannot say that in this case the trial court was necessarily wrong in its factual conclusion that Father is the parent more likely to allow the child frequent and meaningful contact with the other parent. Mother displayed a reluctance and uneasiness about dealing with Father. The parties communicated via writing in a notebook called "the red book" because Mother did not like to talk to Father. However, the communications set forth in the book were frequent and inclusive of many issues, including school matters. The question before us is whether mother's reluctance to encourage more visitation is sufficient to support a modification of the primary physical custody of the child when the evidence shows that the custodial parent is a conscientious parent, has complied with the custody decree, and provides a home in which the child appears to be doing well.

■ Father argues on appeal that the change of custody should be upheld because there was evidence that Mother is not a healthy influence on the child as a parent-teacher because she is excessively controlling. He argues that Mother does not allow the child sufficient unstructured play time. In most child custody cases, there are things about both parents which can be criticized, but unless we see something in the record that is clearly an item of substantial concern, we will confine ourselves to those concerns which have been pleaded, and which the trial court believed to be sufficiently significant to warrant mention in the court's order.

■ From our review of the evidence, Father's concerns about Mother as a teacher do not provide a basis for a change of single custody from one parent to the other. It was agreed by all that the child is excelling academically, and it was clear that Mother was complying with the requirements of law related to home schooling. While Father contended that Mother was not well suited to teach Liam, such a contention, even if supported, would not justify a complete change of custody from one parent to the other. If Father does not agree with allowing Mother to engage in home schooling, the court can, even without a change of circumstance, modify custody to joint legal custody and leave physical custody with Mother. Then, the court has jurisdiction to consider the best interests of the child with regard to the schooling dispute. *See Moore,* 849 S.W.2d at 655 (stating that a change of circumstances is not necessary to modify sole custody to joint *legal* custody with physical custody remaining with the previous custodian).

The issue before us, however, is the issue of whether there was evidence in this case amounting to a change of circumstance which would justify changing the child's custody from single custody in one parent to single custody in the other. The failure of a parent to have frequent and meaningful contact can amount to a change of circumstances. *Armstrong v. Armstrong,* 877 S.W.2d 127, 130 (Mo.App.1994). However, Father has failed to cite authority for the proposition that a change of circumstances exists when one parent is merely hypothetically *more likely* to afford the other parent frequent and meaningful contact. Since Mother has complied with the previous decree, she is entitled to the benefit of doubt that she would comply with a change in visitation. If the provisions for visitation may be modified, then a change from single physical custody in one parent to single physical custody in another is not "*necessary* to serve the best interests of the child." Section 452.410, RSMo 1994 (emphasis added). If the trial court makes changes in visitation and Mother fails to comply with what the court has ordered, her non-compliance may amount to a change of circumstances regarding the child or the custodian. *Armstrong,* 877 S.W.2d at 130.

We hold that the trial court erred in finding a "change in circumstances" and in awarding sole custody to father. We reverse the decision of the trial court and remand this case to the trial court with instructions to reinstate the original custody arrangement specifying Mother as the custodian of Liam. If the trial court concludes that a change in the decree is necessary in order to reach the schooling issue, the court could decide that it is appropriate to change to joint legal custo-

dy while leaving physical custody with Mother. If the parties are unable to agree about the schooling issue, the court will be able to address it. In view of the disposition of this matter, it is not necessary to address appellant's other points.

The judgment is reversed and the case is remanded to the trial court for proceedings consistent with this opinion.

All concur.