**William Ray SUMNICHT, III, By and Through his Next Friend and Father, William SUMNICHT, II, Respondent,**

v.

**Julie SACKMAN, Appellant.**

Nos. WD 53494, WD 53567.

Missouri Court of Appeals, Western District.

April 21, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 1998.

Nancy Caviar, Leawood, for Appellant.

James T. Pietz, Independence, for Respondent.

Before EDWIN H. SMITH, P.J., and ELLIS and RIEDERER, JJ.

EDWIN H. SMITH, Presiding Judge.

Julie Sackman appeals from the judgment of the Circuit Court of Jackson County modifying the court's prior judgment of paternity and custody, which originally awarded her sole legal and physical custody of her son, William Ray Sumnicht, III (Liam). The trial court modified its original custody award by awarding the appellant and Liam's father, the respondent, William Sumnicht, II, joint legal custody of Liam. Several months after the original custody order was entered, the respondent moved to modify custody to provide for joint legal custody or, in the alternative, to award him sole custody. The trial court heard evidence and modified the original award, awarding the respondent sole legal and physical custody of Liam, which award was appealed to this court in *Sumnicht v. Sackman,* 906 S.W.2d 725 (Mo.App. 1995) (*Sumnicht I* ). This court in *Sumnicht I* reversed and remanded, directing the trial court to reinstate the original custody arrangement. In doing so, this court's opinion included language which convinced the trial court that, on remand, it was to consider the appropriateness of an award of joint legal custody to the parties, even though this court had determined that there had not been a change of circumstances. And, on remand, the trial court did, in fact, award joint legal custody to the parties, precipitating this appeal.

The appellant raises three points on appeal. In her first point, she claims that the trial court erred in awarding the parties joint legal custody of Liam because such an award cannot be made unless there is substantial evidence of a commonality of beliefs between the parents and their willingness and ability to cooperate and function as a parental unit, and there was no such evidence of these factors here, and that, in fact, the clear weight of the evidence established the contrary. In her second point, she claims that the trial court erred and abused its discretion in ordering, as part of its joint legal custody award, that Liam be enrolled in public schools until the seventh grade because it was contrary to the provisions of § 167.031,[1] concerning home schooling as a legal alternative to public schooling, and § 452.405.1, concerning the custodial parent's right to determine a child's educational training, and that it was against the weight of the evidence in that the child was thriving in home schooling. In her last point, she claims the judgment of the trial court awarding joint legal custody is null and void because § 452.375.8 requires an award of joint legal custody to include a written custody plan, which the trial court failed to include.

## Facts

William Ray Sumnicht, III (Liam), was born on February 24, 1987. His biological parents, appellant and respondent, were not married then and have never been married to each other. However, pursuant to the respondent's petition for declaration of paternity and the parties' stipulation and agreement thereon, the Circuit Court of Jackson County entered a judgment on June 15, 1992, wherein the respondent was declared the natural father of Liam, and his sole legal and physical custody was awarded to the appellant, with visitation to the respondent.

In November of 1992, the respondent filed a motion to modify Liam's custody, request-

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

ing the trial court to award the parties joint legal custody, or, in the alternative, to award him sole legal and physical custody. As part of his request for joint legal custody, the respondent also requested that the trial court order Liam to be placed in a public or private school. At the time, Liam was being home schooled by the appellant, a fact to which the respondent objected and which was the primary motivation for the filing of respondent's motion to modify. After a hearing, the trial court changed sole legal and physical custody of Liam to respondent. In *Sumnicht I,* the appellant appealed the trial court's grant of the respondent's motion to modify awarding the respondent sole custody.

In *Sumnicht I,* this court reversed the judgment of the trial court awarding sole legal and physical custody to the respondent and remanded the cause, instructing the trial court to reinstate the original custody arrangement where the appellant had sole legal and physical custody of Liam. In remanding the cause, this court stated as follows:

> If the trial court concludes that a change in the decree is necessary in order to reach the schooling issue, the court could decide that it is appropriate to change to joint legal custody while leaving physical custody with Mother. If the parties are unable to agree about the schooling issue, the court will be able to address it.

*Sumnicht,* 906 S.W.2d at 728–29. Based on this language, the trial court proceeded on remand to not only reinstate custody to appellant, but determine whether joint legal custody should be awarded.

After a hearing, the trial court determined that an award of joint legal custody was in the best interests of Liam and ordered the same. In addition, it ordered that Liam be placed in public school until the seventh grade.

This appeal follows.

## I.

■ Before addressing the merits of the appellant's claims, we first are required to determine, *sua sponte,* whether we have jurisdiction to hear this appeal. *Peters v. United Consumers Club,* 786 S.W.2d 192, 193 (Mo.App.1990). In this regard, "[a] judgment entered in excess of or beyond the jurisdiction of the trial court is void and an appellate court has no jurisdiction to review on the merits." *Id.* Any doubt concerning the authority or jurisdiction of the trial court to enter its judgment must be raised, *sua sponte,* by the appellate court where not raised with the trial court. *Turner v. General Motors Corp.,* 750 S.W.2d 76, 77 (Mo.App. 1988). It is well settled that a trial court, on remand, with respect to the issues addressed by the appellate court on appeal, only has that authority granted to it by the appellate court in its mandate. *Howard Const. Co. v. Teddy Woods Const. Co.,* 844 S.W.2d 29, 30–31 (Mo.App.1992). And, if in entering its judgment, the trial court exceeds the authority of the appellate court's mandate, it is without jurisdiction to enter it, rendering it void. *Id.* And, logically, if the appellate court's judgment is void, any further proceedings thereon by the trial court would also be void and subject to attack on appeal. *McIntosh v. Wiggins,* 356 Mo. 926, 204 S.W.2d 770, 772 (1947).

■ Here, the record clearly indicates that the trial court, in awarding joint legal custody, was proceeding on what it believed was a mandate by this court in *Sumnicht I* to consider, on remand, the appropriateness of such an award. We glean this from the record, specifically from the following exchange between the parties' attorneys and the court during the August 22, 1996, hearing:

> THE COURT: Now, the issue today or at this time is whether or not there should be joint custody.
>
> MS. CAVIAR: Right.
>
> THE COURT: I would assume, I mean, that's the first item that we will discuss—I'm not sure who should go first on that. You don't care whether there is any joint custody or not?
>
> MS. CAVIAR: He did file his motion to modify, although he did not ask for joint custody, he asked for sole custody.
>
> MR. GORACKE: We asked for joint custody in the initial order.

THE COURT: In view of the fact of what the appellate said, that this Court could, the Court can even without a change—

MR. GORACKE: We did ask for that in the '94.

THE COURT: I think, then, that issue would be—I suppose would be, the burden would be on the person asking for it.

MS. CAVIAR: On the record, Judge, I would like to say, technically, I believe Mr. Goracke and the petitioner should have filed a motion asking for joint custody pursuant to the remand instead of sole custody.

THE COURT: It's a procedural matter, maybe a technical procedural matter. When the appellate told me I could do that, they remanded to the Court to which it's remanded to make a decision about joint legal custody, I think, because I have to do that before we can even proceed, otherwise forget it.

In this respect, this court communicated to the trial court, through its mandate, what actions it wanted taken on remand. *Parker v. Parker*, 857 S.W.2d 873, 873–74 (Mo.App. 1993). As to this court's mandate in *Sumnicht I*, it states, in pertinent part, as follows:

Now on this day the judgment is reversed, and the cause is remanded to the Circuit Court of Jackson County for further proceedings in conformity with the opinion of this Court.

This language of the mandate required the trial court to look to the opinion of this court to determine what it was being instructed to do on remand. *Jerome v. Farmers Produce Exchange*, 826 S.W.2d 3 (Mo.App.1991). In this regard, the opinion, in pertinent part, states:

We hold that the trial court erred in finding a 'change in circumstances' and in awarding sole custody to Father. We reverse the decision of the trial court and remand this case to the trial court with instructions to reinstate the original custody arrangement specifying Mother as the custodian of Liam. If the trial court concludes that a change in the decree is necessary in order to reach the schooling issue, the court could decide that it is appropriate to change to joint legal custody while leaving physical custody with Mother. If the parties are unable to agree about the schooling issue, the court will be able to address it. In view of the disposition of this matter, it is not necessary to address appellant's other points.

*Sumnicht*, 906 S.W.2d at 728–29.

The quoted language of the opinion is admittedly subject to two different readings as to whether it actually required the trial court to address joint legal custody in a further hearing. On one hand, it might reasonably be interpreted as only requiring the trial court to reinstate the original custody arrangement of sole legal and physical custody to the mother, and that the language as to joint legal custody was only *dicta* referencing an issue with which the trial court might be confronted in a future motion to modify. This is true in spite of the language in the mandate that the case was being remanded for "further proceedings in conformity with the opinion of this Court." *See Brown v. Whitaker*, 926 S.W.2d 1 (Mo.App.1996) (holding that the term "proceeding," in this context, only requires further judicial action, not an evidentiary hearing). On the other hand, it might also reasonably be interpreted as not only requiring the reinstatement of the original custody arrangement, but as also requiring the trial court to consider whether to modify this arrangement and enter an order awarding joint legal custody. The opinion does not specifically articulate any basis, factual or legal, for why it was appropriate for the trial court to address on remand the issue of joint legal custody.

In any event, we fully appreciate the trial court's predicament and why it ultimately chose the course of action it did. Nonetheless, in determining our appellate jurisdiction, we are still required to decide whether the trial court exceeded its authority in proceeding as it did and awarding joint legal custody of Liam to the parties. Thus, because our appellate jurisdiction as to the instant appeal is contingent on whether the trial court had the jurisdiction to enter its judgment awarding joint legal custody, which, in turn, was contingent on this court's

mandate in *Sumnicht I,* the issue for us to decide is whether our mandate there, when interpreted as ordering the trial court to consider on remand the award of joint legal custody, was legally authorized.

The respondent, on November 4, 1992, filed in one pleading alternative motions to modify the sole legal and physical custody of Liam, which was granted to the appellant by the Circuit Court of Jackson County in its "Judgment of Paternity, Custody & Support," signed by the Honorable Gene R. Martin on June 15, 1992. The respondent first prayed for an order modifying custody awarding joint legal custody to the parties and, in the alternative, for an order awarding sole legal and physical custody to him, "if in the Court's view the facts of this case warrants a departure from the preference for joint legal custody."

Alternative motions to modify legal or physical custody, joint or physical, governed by § 452.410, are unique, in that unlike other alternative pleadings, the trial court does not, in effect, address one without also necessarily addressing the other. They are competing motions, both of which are before the trial court simultaneously. This is so in that, although "§ 452.375 subdivides 'custody' into 'legal custody' which concerns the decision-making rights, responsibilities, and authority relating to the health, education, and welfare of the child and 'physical custody' which concerns with whom the child will reside to receive care and supervision," *Vangundy v. Vangundy,* 937 S.W.2d 228, 231 (Mo.App.1996), before granting any motion to modify custody, the trial court, in addition to finding a change in the circumstances of the child or his custodian, must also find that the child's best interests would be served by such a modification. § 452.410.1. Thus, when the modification of the custody of a minor child is properly before a court, as it was here pursuant to the respondent's alternative motions for joint legal or sole legal and physical custody, the "best interests" determination authorizes the court, after finding a change of circumstances, to look at the child's custody in *toto,* not just his physical custody, to the exclusion of his legal custody, or *vice versa.* *Vangundy,* 937 S.W.2d at 231. With

this as a given, respondent's alternative motions were both before the trial court for its determination.

Based on the respondent's two alternative motions, the trial court in *Sumnicht I* was faced with four options: (1) deny both motions, leaving sole legal and physical custody in the appellant; (2) grant the respondent's motion for joint legal custody and deny his motion for sole custody, awarding joint legal custody to the parties, while leaving sole physical custody in the appellant; (3) grant the respondent's motion for joint legal custody and grant, in part, his motion for sole custody, awarding joint legal custody to the parties and sole physical custody to the respondent; or, (4) deny the respondent's motion for joint legal custody and grant his motion for sole custody, awarding both sole legal and physical custody to him. The trial court chose option number four.

In choosing option number four, the trial court impliedly and necessarily overruled the respondent's motion for joint legal custody. This is so in that in order to sustain the respondent's motion for sole legal and physical custody, the trial court necessarily found that there had been a change of circumstances of Liam or the appellant rendering it in his "best interests" that the respondent have sole legal and physical custody of him, and that it was not in his best interests for the parties to have joint legal custody. § 452.410.1. On appeal, this court disagreed with the trial court and found in *Sumnicht I* that there was not a sufficient change of circumstances warranting a modification of custody, reversing and remanding for the trial court to reinstate the original custody arrangement. However, this court went on to hold that, although this lack of a change of circumstances was fatal to a change of sole custody to the respondent, it was not an impediment to the trial court's modifying custody to joint legal custody. Specifically, the court stated:

> If Father does not agree with allowing Mother to engage in home schooling, the court can, even without a change of circumstances, modify custody to joint legal custody and leave physical custody with Mother. Then, *the court has jurisdiction*

to consider the best interests of the child with regard to the schooling dispute. *See Moore,* 849 S.W.2d at 655 (stating that a change of circumstances is not necessary to modify sole custody to joint *legal* custody with physical custody remaining with the previous custodian).

*Sumnicht,* 906 S.W.2d at 728 (emphasis added).

Relying on the law as stated in its opinion, law that the trial court alluded to below as being controlling in entering its award of joint legal custody, this court then reversed and remanded to the trial court, with language, which as discussed, *supra,* could arguably be interpreted as requiring it to consider whether to award joint legal custody. To the extent our mandate directed the trial court to consider on remand joint legal custody without a change of circumstances, it was without any legal basis and was wrong in that, in remanding as to the issue of joint legal custody, this court was mistaken as to the law.

The statement by this court in *Sumnicht I,* that the law did not require a showing of changed circumstances to warrant a change of custody to joint legal custody, is contrary to § 452.410.1, governing modifications of custody, and the holding in *Moore v. Moore,* 849 S.W.2d 652, 655 (Mo.App.1993). The statute requires, and the court in *Moore* recognized, that there must be a change of circumstances of the child or his custodian for a modification of his custody to joint legal custody, *unless* the order awarding custody was entered prior to August 13, 1984. *Id.; see Rogers v. Rogers,* 923 S.W.2d 381, 383–84 (Mo.App.1996) (holding that, pursuant to § 452.410, a change of circumstances is required to modify custody to joint legal custody). The exception, as to custody orders entered prior to August 13, 1984, is found in the following language in § 452.410.1:

> Notwithstanding any other provision of this section or sections 452.375 and 452.400, any custody order entered by any court in this state or any other state prior to August 13, 1984, may, subject to jurisdictional requirements, be modified to allow for joint custody in accordance with section 452.375, without any further showing.

*Moore* concerned an order of custody entered prior to August 13, 1984. However, the custody order under review in *Sumnicht I* was entered in 1992, mandating a change of circumstances to modify custody to joint legal custody.

Given our holding in *Sumnicht I,* as to no change of circumstances sufficient to support a modification of custody and the law as found in § 452.410.1, requiring a change in circumstances to confer jurisdiction on the trial court to modify custody, there simply was no legal basis for our remanding to the trial court for it to consider an award of joint legal custody. *See Mobley v. Phillips,* 942 S.W.2d 399, 400 (Mo.App.1997) (holding that a change of circumstances is what gives the trial court jurisdiction to modify custody). Under the law, the cause should have been remanded for the sole purpose of the trial court reinstating the original custody arrangement. Further, our erroneous remand of the case for consideration of joint legal custody did not result from a matter about which there could be a reasonable difference of opinion as to what was required by § 452.410.1 to confer jurisdiction on a trial court to modify the custody of a child to joint legal custody. This is not a case of hindsight or a rethinking by this court on the second appeal of what it should have found as the controlling law in determining in *Sumnicht I* whether to remand to allow the trial court to consider joint legal custody without a change of circumstances. This is a case where this court was mistaken as to the statutory requirements necessary to confer jurisdiction on a trial court to modify a custody order, entered after August 13, 1984, to provide for joint legal custody, which requirements were not subject to any debate or a difference of opinion, reasonable or otherwise. Section 452.410.1 is clear and unambiguous; and under any reading, required at the time we decided *Sumnicht I,* and still requires, a change of circumstances to modify custody to joint legal custody, unless the decree to be modified was entered prior to August 13, 1984. The law in this regard was well settled, both before and after *Sumnicht I.*

As a general rule, a decision of an appellate court becomes the "law of the case" and is controlling in all subsequent proceedings, trial and appellate, as to all matters decided by the appellate court in the first appeal. *Missouri Bd. of Pharmacy v. Tadrus*, 926 S.W.2d 132 (Mo.App.1996). One exception to this general rule is where there has been a mistake by the appellate court in the first instance. *Sheridan v. McBaine*, 660 S.W.2d 188, 194 (Mo.App.1983). Logically, an appellate court, mistaken as to the law, cannot by remand confer jurisdiction on a trial court to do that which is in direct contravention of a controlling statute. Thus, on the appeal after the remand, the appellate court is charged with correcting the mistake made in remanding the case, rather than perpetuating it as being the "law of the case."

Once this court found in *Sumnicht I* no change of circumstances warranting a modification of custody, the sole purpose of our remand should have been to direct the trial court to reinstate the original custody arrangement of sole legal and physical custody to the appellant. However, due to a mistaken belief as to the law, we did not. As such, to the extent our mandate in *Sumnicht I* mistakenly and erroneously authorized the trial court to consider on remand an award of joint legal custody under § 452.410.1, where we had already found no change of circumstances justifying modification, it was without any effect, rendering the trial court's award of joint legal custody based on such remand void. *McIntosh*, 204 S.W.2d at 772.

Because the trial court, under the law, had no authority on remand to enter its award of joint legal custody in that this court's mandate and judgment in *Sumnicht I* was without effect as to the extent it remanded for the trial court to consider the appropriateness of an award of joint legal custody, we have no jurisdiction to review this appeal on the merits. *Peters*, 786 S.W.2d at 193. Rather, we are limited to dismissing the appeal and ordering the judgment of the trial court awarding joint legal custody of Liam to the parties to be set aside as being null and void, the effect of which, coupled with our mandate and opinion in *Sumnicht I*, other

than to the extent it remanded for the trial court to consider joint legal custody, is to reinstate the original award of sole legal and physical custody to the appellant. Of course, our opinion here does not deprive the trial court of its continuing jurisdiction under § 452.410 to entertain and proceed on any subsequently filed motion to modify custody based on a change of circumstances.

Due to our disposition of this appeal, we need not address the points raised by the appellant.

### Conclusion

The appeal of the trial court's judgment, awarding joint legal custody of William Ray Sumnicht, III, to the parties, is dismissed. In dismissing this appeal, we also order the trial court's judgment to be set aside as being null and void, the effect of which is to reinstate the original custody award of sole legal and physical custody of William Ray Sumnicht, III, to the appellant.

All concur.